Caswell v. Ward.

### CASWELL v. WARD.

Suits pending before justices of the peace under the statutes of forcible entry and detainer, (R. S. 1838, p. 490, ch. 5, and S. L. 1840, p. 83,) may be continued on cause shown; the power to continue, although not expressly conferred, being incident to the jurisdiction to hear and determine.

In order to give the justices jurisdiction in such suits, the complaint should allege all the facts necessary to show a case in which the remedy is provided by the statute.

A complaint alleging merely that "B. holds over and unlawfully detains" certain premises, &c. is not sufficient.

The complainant, in his evidence, is confined to proof of the facts alleged in his complaint.

No declaration is necessary in such suits; the complaint standing in lieu of a declaration.

Where, in a suit under the statute of forcible entry and detainer, (R. S. 1838, p. 490, ch. 5, and S. L. 1840, p. 83,) a purchaser of mortgaged premises on a statutory foreclosure, seeks to recover possession of a person holding over after the equity of redemption has expired, he must prove the regularity of all the proceedings on the foreclosure.

CERTIORARI, brought by Caswell, to reverse a judgment which Ward had recovered against him in proceedings before two justices of the peace of St. Clair county, under the statutes of forcible entry and detainer. R. S. 1838, p. 490, ch. 5, and S. L. 1840, p. 83. The cause was argued and determined at the January Term, 1842, of this court.

*Van Dyke & Harrington*, for the plaintiff in error.

*J. F. Joy*, for the defendant in error.

WHIPPLE, J., delivered the opinion. Upon examination of the transcript returned into this court, it appears that, on the 26th of November, 1841, Ward entered a complaint before the justices, alleging that Henry A. Caswell holds over and unlawfully detains from him, the said Samuel Ward, certain premises, which are particularly described, and requested the justices to issue a writ against Caswell, for the trial of the right of possession thereof. A summons was accordingly issued, and made returnable on the 2d day of December following. Upon the return day the parties appeared, when the complainant filed a declaration stating, substantially, that Caswell "unlawfully detained" from him, the premises described in the complaint; to which the defendant below plead the general issue, and gave notice that the title to land would come in question; and thereupon tendered a bond which the justices refused to receive. Caswell then applied for a continuance of the cause for ten days, and supported his application by an affidavit. The application, also, was refused by the justices, upon the grounds, 1st. That the defendant did not state that he had a good defence to the action; 2d. Nor what he expected to prove; 3d. Nor that the application was not made for delay merely, and that justice might be had in the case; 4th. For that no diligence appeared to have been used to obtain the attendance of the witnesses. The parties then proceeded to trial, and the plaintiff offered in evidence a paper purporting to be a copy of a demand made upon Caswell to deliver up the possession of the premises to Ward. This notice is dated and was served on Caswell, on the 15th November, 1841, by Reuben Warner, a constable, who was sworn, and testified that

Caswell *v*. Ward.

he served the notice, and that Caswell was in the possession of the premises set out in the complaint. The plaintiff then offered in evidence a deed purporting to have been executed to him by Reuben Moore, sheriff of the county of St. Clair, dated 13th November, 1841, by which it appeared that the premises in question had been mortgaged by Caswell and one Helm to Ward, and that, upon a statutory foreclosure, the same were bid off by Ward, upon a sale of the premises by the sheriff of St. Clair, on the 21st day of September, 1839; which deed appeared to have been acknowledged and recorded pursuant to the provisions of law. To prove the execution of the deed, a witness was sworn, who testified that the subscribing witnesses thereto resided without the jurisdiction of the court, and then proved in the usual manner the genuineness of their signatures, and the deed was read in evidence. It is also certified that the above was all the testimony in the case. The return exhibits the further fact, that after the testimony was closed, a motion was made by the defendant below for a nonsuit, which was refused by the justices; upon what ground the nonsuit was moved, does not appear. The cause having been committed to the jury upon the testimony above stated, a verdict was, by them, returned for the plaintiff, upon which a judgment was entered according to the statute; and to reverse which, the defendant below brought the cause to this court by *certiorari.* It may be here stated that it is admitted by the counsel for the defendant in error, that, upon the trial before the justices, it was insisted upon that the deed from the sheriff to Ward was not sufficiently proved, and that to enable the plaintiff to recover, he was bound to show the regularity of the proceedings under the foreclosure. It is further admitted that it was stated in the affidavit for the continuance of the cause for ten days, that one of the witnesses would prove that the advertisement of the sale of said mortgaged premises was published in a paper of which he was editor, and that said advertisement was not published for "twelve successive weeks," as required by law.

The plaintiff in error insists that, for various reasons, the judgment below should be reversed. Those upon which reliance is principally had, however, are, 1st. That the justices should have granted a continuance of the cause; and 2d. That the proof was insufficient to entitle the plaintiff to recover. I will consider these questions in the order in which they are stated.

1. It is contended by the defendant in error, that the justices had no power to continue the cause, and this proposition is sustained by an adjudged case reported in 8 Cow. 13. It is a sufficient answer to say, that this decision was expressly overruled by this court in the case of *Disbrow.* v. *Gillett,* and we see no reason for reconsidering that decision. The general rule relied upon by the counsel for the defendant in error, and by the supreme court of New York, that justices of the peace are confined to the powers and jurisdiction expressly conferred by statute, has, I think, no application to the present question. There is an obvious distinction between the case where courts of limited and special jurisdiction assume to take cognizance of a *subject matter* not expressly coming within the scope of the law by which they are created, and which bounds their powers, and the case where the *subject matter* is clearly within their jurisdiction, and resort is simply had to the practice of other courts to enable them to exercise that jurisdiction. Keeping in view this distinction, is it not clear that the right to continue, is an incident to the power to hear and determine causes like that under consideration? If not, it is certain that the grossest injustice might be done. Did, then, the justices exercise a proper discretion in overruling the motion to continue? I think they did not. The facts to be proved by the witness were material to the issue, and the motion was made on the return day of the process, and at the time the issue was made up. Under these circumstances, it appears to me that the court below should have granted the motion.

2. It is also insisted upon by the plaintiff in error, that the evidence did not sup-

port the complaint, and for this reason the judgment should be reversed. Upon a close examination of the statute, I am satisfied this ground is well taken. The statute directs the justices, upon a return to a certiorari, to state " the facts appearing on the trial," and upon the hearing of the cause, it is further enacted, that this court "shall determine the same according to the right and justice of the case, on a review of the facts, as well as of matters of law." These provisions clearly indicate that this court not only have the power, but it becomes their duty, to examine into the facts, as well as the legal questions which arose on the trial below. *Chamberlin* v. *Brown*, ante, p. 120, note. In order to give the court below jurisdiction of a case under the chapter respecting " forcible entry and detainer," and the acts amendatory thereto, it is necessary that the complaint should embody such a statement of facts as brings the party clearly within some one of that class of cases for which a remedy is provided. Now, the statute gives a remedy, 1st. Against those who make unlawful and forcible entry into lands, and with strong hand detain the same. 2d. Against those who, having made lawful or peaceable entry into lands, unlawfully, and by force, detain the same. R. S. 1838, *p.* 490, § 2. 3d. Against those who, with or without force, hold over lands after the time for which they are demised or let, or contrary to the conditions or covenants of any lease or agreement, or after any rent shall have become due. Id. p. 492, § 6; S. L. 1840, p. 83, § 1. And 4th. The purchasers upon sale of mortgaged premises, or under execution, are entitled to institute proceedings, in like manner as in cases where a tenant holds over after the expiration of a lease. S. L. 1841, p. 85, § 5. Under which of these four heads does the case in question come? If under either, it is the second; but in that case, it should have been averred that the premises were entered peaceably or lawfully, and that the detention was not merely *unlawful* but *forcible.* Without determining, however, whether such a case was presented by the complaint as entitled the party to the summary remedy provided by the statute, it is quite manifest that the *proof* does not support either the complaint, or the declaration, (which it is proper here to remark, was entirely unnecessary.) If the party intended to avail himself of the remedy provided for by the act of 1840, all the facts necessary to give the court below jurisdiction, and to entitle him to the remedy it provides, should have been fully and clearly set out in the complaint. It is a right which a defendant has, to be advised, before *pleading*, of the nature and cause of this summary proceeding against him; and, upon issue being joined, the complainant is confined in his proof to the case he has made. It would certainly be an innovation upon the well established rules of both pleading and evidence, to permit a party under the general allegation that his premises are " unlawfully detained," to show that he was a purchaser, either of mortgaged premises, or under an execution. We, moreover, are of opinion, that such purchaser is bound, in such a proceeding, to show the regularity of all the proceedings under the sale. In an action of ejectment, this certainly would be required before the deed under which he claims could be offered in evidence. If so, it would be difficult to determine why less proof should be required before justices of the peace, where the proceedings are summary. The statute intended to give a new remedy, but not to alter the rules of evidence.

The judgment below must be reversed with costs.

Wm. A. Fletcher, C. J., and Ransom and Morell, Justices, concurred.

*Judgment reversed.*