## HENRY W. BUSH *vs.* JOHN DUNHAM.

The complaint in a proceeding under the Act entitled, " of forcible Entries and Detainers," not containing a statement or showing that at the time the complaint was made the complainant *was entitled to the possession* of the premises sought to be recovered, was held insufficient.

The proper form of a complaint, under the Statute of forcible entries and detainers, where the entry has been made by force; suggested.

Error to Oakland Circurt.

This was a complaint under the forcible entry and detainer law, brought before the Circuit Court Commissioner for Oakland County. The trial before the Commissioner resulted in a judgment for the plaintiff. The defendant appealed to the Circuit Court, and there moved that the complaint be dismissed on account of defects in the complaint. The complaint was dismissed with costs, and the plaintiff sued out this writ of error.

The question presented upon the writ of error was, whether the complaint which was made by the plaintiff as the commencement of proceedings to obtain possession of the land therein described, under the provisions of the first subdivision of Chapter 123 of the Revised Statutes, entitled, " Of forcible entries and detainers," was sufficient.

The complaint was in the following words : " Henry H. Bush, of said county (of Oakland), being duly sworn, makes complaint on oath, and says : That on the second day of June, in the year of our Lord one thousand eight hundred and fifty-four, he was, and for a long time immediately previous thereto had been in the quiet and peaceable possession of the south-west quarter of the north-west quarter of section thirteen, in Township three north, of Range seven east, in the Township of Highland, in the said County of Oakland, on which premises there is a dwelling house, in which this deponent with his family was residing on the said second day of June, and for a long time immediately previous thereto had been residing with his family ; and that on the said second day of June, divers persons, in the absence of this deponent from home, forcibly entered and took possession of said premises and dwelling house, and expelled therefrom this deponent's family, and that John Dunham is now in the possession of said premises and dwelling house, and that he unlawfully holds the same by force from this deponent."

The objection made to this complaint was, that it did not state or show that the complainant, when he made his complaint, was entitled to the possession of the land of which he sought restitution.

*Walkers & Russell*, for plaintiff, insisted that it was not necessary to aver in terms that the plaintiff was entitled to possession; that he should only be required to set forth the facts, to show that he was entitled to possession. The averment that he is so entitled, is a mere conclusion of law from specific facts, and is unnecessary and immaterial. (*Caswell* vs. *Ward*, 2, *Doug.*, 376 ; *Royce* vs. *Bradbourne, Ib.*, 377.) That the complaint averred with abundant fullness all the facts entitling the complainant to possession, viz.: quiet and peaceable possession by complainant for a long time, or forcible entry upon that possession by divers persons, and an unlawful and forcible detainer of that possession by the defendant. The right of the complainant to the possession in this class of cases, is not in issue. The whole object of legislation upon this subject, from the time of Richard II, to the present, has been to protect peaceable possession against forcible entry, or forcible detainer, whether such entry was lawful or unlawful. (1 *Russ. on Crimes*, 304; *Roscoe's Cr. Ev.*, 480 ; *Holley* vs. *Gay*, 9 *Car. & P.*, 284 ; *Newton* vs. *Harland*, 1 *M. & Cr.*, 644 ; *Dustin* vs. *Cowdry*, 23 *Vt.*, 630.) Such is very clearly the object of our statute. (*Revised Statutes, Chapter* 123.) The person who alone could make the complaint, is the person who was in possession, and against whom the wrong was done, by the forcible entry and detainer; and where the Act provides that the person entitled to possession of the premises may make complaint, it clearly means the person who had previously been in possession. This is made very clear by the provisions of sections 9 and 18 of the Act. The judgment is to be, that the complainant have *restitution* of the premises, and the process thereon, is to *restore* the complainant to possession. No other person could make the complaint. Neither the owner in fee, not in possession, nor a

lessor, where a tenant was in possession, either for years, by sufferance or at will. The adjudications upon similar statutes throughout the Union, show conclusively, that possession, not *title*, is put in issue. (*Cummings* vs. *Kilpatrick*, 1 *Cush.*, 106 ; *Phelps* vs. *Baldwin*, 17 *Conn.*, 212 ; *Stiles* vs. *Homer*, 21 *Conn.*, 500 ; *Whitaker* vs. *Vantin*, 1 *Gill.*, 218 ; *Davidson* vs. *Davidson*, 2 *Harrison*, 169 *;* *Hayden* vs. *Temple*, 12 *B. Mon.*, 198 ; *Likat* vs. *Stuart*, 2 *Port.*, 474.)

*M. E. Crofoot*, for defendant.

The complaint is insufficient, in not alleging that the " complainant is entitled to possession." (*R. S.*, 542, §§ 2, 3, 12, 13.) These words are not merely descriptive of the person ; they are matters of substance, and must be positively alleged. (*Cunningham* vs. *Gorlet*, 4 *Denio*, 71; *ex parte Shumway*, *Ib.*, 258; *Bk. Munroe*, 7 *Hill*, 177; *ex parte Aldrich*, 1 *Denio*, 663; *Staples* vs. *Fairchild*, 3 *Conn.*, 41.)

By the Court, GREEN, J.

In order clearly to understand what it is necessary to allege in a complaint of this kind, it will be necessary to examine the statute above referred to (*Revised Statutes, p.* 542), in order to determine what facts must exist to enable a complainant to recover his possession. Prior to the revision of 1846, the laws in relation to forcible entries and detainers, and the recovery of the possession of land in certain other cases, were in a very confused state, and the important jurisdiction of these classes of cases was in the hands of Justices of the Peace. By the Revised Statutes, original jurisdiction was conferred upon Circuit Court Commissioners, and Judges of the Circuit and County Courts, and the mode of proceeding was so simplified, and the circumstances under which summary proceedings might be had for recovering the possession of land so defined, that little difficulty would seem necessarily

to arise in determining the right, or pursuing the remedy. For the purposes of this suit, it will only be necessary to analyze a portion of the first subdivision of Chapter 123, entitled, "Of forcible Entries and Detainers." The first section inhibits the entry into lands, tenements, or other possessions, but in cases where entry is given by law ; and in such cases, entry is allowed only in a peaceable manner, and without force.

The second section provides that, "When any forcible entry shall be made, or when an entry shall be made in a peaceable manner, and the possession shall be unlawfully withheld by force, *the person entitled to the premises* may be restored to the possession thereof, in the manner hereinafter provided." This section very clearly provides for a restoration in two classes of cases.: 1. When the entry is *by force*, although entry may be given by law ; and, 2. When the entry is peaceable, but not given by law, and therefore prohibited, and the possession is unlawfully held by force ; in other words, in the cases and under the circumstances in which an entry is inhibited by the first section. The entry in both *these* cases must be *unlawful*, as is clear from the provisions of the second subdivision of this chapter, which provides a mode of proceeding, and form of complaint, by the person entitled to the premises in the classes of cases therein enumerated, in which the entry was lawful, but the right of possession under it has ceased. In the first case, it is unlawful, because made by force ; in the second case, it is unlawful, because it is not given by law, and is, therefore, inhibited. But in every case provided for by this chapter, the person *entitled to the possession*, and *he* only, can be restored thereto.

The third section enacts, that " the person *entitled to the possession* of the premises may make complaint in writing, and on oath, and deliver the same to a Circuit Court Com-

missioner, or a Judge of the Circuit or County Court for the County, setting forth that the person complained of is in pocsession of the lands or tenements in question, describing them, and that he entered the same with force, or that he unlawfully holds the same by force, as the case may be."

The form of complaint indicated by this section is very general, and it evidently does not contemplate the setting forth of the particulars of the complainant's right, or of the forcible entry or detainer, but enough must be set forth to show that the Court has jurisdiction. The true rule is laid down by Whipple, J., in the case of Caswell *vs.* Ward (2 *Doug.*, 376), and affirmed in Royce *vs.* Bradburn (*Ib.*, 377). He says : " In order to give the Court below jurisdiction in a case under the chapter respecting 'forcible entry and detainer,' and the acts amendatory thereto, it is necessary that the complaint should embody such a statement of facts as brings the party clearly within some one of that class of cases for which a remedy is provided." This is a special proceeding, and unless the complaint shows that the person complaining is entitled to the possession, a case is not made which would authorize the issuing of a warrant. The complaint performs the office of a declaration, and must be pleaded to, and must be such that if the defendant pleads guilty thereto, as he may do, the complainant will be entitled thereupon to a judgment of restitution, without further showing. (*Section* 9, *of Chapter* 123.) The allegation that the complainant is entitled to the possession of the premises, must be contained in the complaint, or it must set forth such facts as clearly show his right to the possession ; or the admission of the truth of the complaint by a plea of guilty, would not entitle him to a restoration of the possession.

The rule that in pleading, every implication will be taken most strongly against the pleader, applies with full force in cases of this character ; so that when a fact is sought to be

shown in pleading by implication, it ought to be supported by such facts as preclude any other implication than that which is sought to be established.

The complaint in this case charges the defendant with a forcible detainer of the premises, but does not connect him in any way with the forcible entry, nor show any privity between him and the disseizors, nor does it set forth any facts from which the complainant's right of possession as against the defendant, is necessarily implied. The forcible entry was more than three months before the making of the complaint, and it. is perfectly consistent with every allegation of *fact* contained in the complaint, that Dunham should have entered into the possession of the premises peaceably and lawfully, and even with the consent of the complainant.

Perhaps this question and discussion may be best elucidated by suggesting the form of a complaint, when the entry has been made by force. In that case, the following general form embodies the facts required by the statute to be shown:

*County*, ss. : H. W. B., being duly sworn, makes complaint, and on his oath says, that heretofore, to wit, on the ———— day of ————, A. D. ———, he was in the quiet and peaceable possession of the following described lands and premises, situate in ————, in the County aforesaid, to wit: (here describe the premises with sufficient certainty) and that on the day and year last aforesaid, J. D. unlawfully and with force and violence, entered into the said lands and premises; and ejected and expelled this complainant therefrom, and has ever since continued, and is now in the possession of the said lands and premises, contrary to the statute in such case made and provided, and that this complainant is well entitled to the possession thereof, wherefore he prays that he may be restored to the possession of the same.

Upon an issue joined upon this complaint, that issue would be maintained on the part of the complainant, by showing

44

his own possession, his forcible dispossession by the defendant, and the continued possession under such forcible entry. This would show the complainant entitled to the possession, for the defendant's possession being unlawful, he could not be permitted to set up any title or right of entry in himself until the possession had been restored.

Where the proceeding is had to recover the possession of land, on the ground of a forcible detainer, when the entry was peaceable, the form above given can easily be varied, so as to adapt it to such a case. The most familiar illustration of this latter class of cases is, where lands or tenements which are occupied, are quietly entered upon by one having no right, and who is, therefore, a trespasser. The owner having in law the constructive possession, may lawfully remove and expel the trespasser, if he can do so without committing a breach of the peace; and if, in attempting to do so, the trespasser resists him, and detains the possession by force, the owner is entitled to restitution under the statute. In such a case, it would be necessary to allege in the complaint, that the party is entitled to the possession, and to prove it by showing his title, because, not being in the actual possession, he must in that way establish his constructive possession, and thus put the intruder in the attitude of a trespasser. That this is necessary, is apparent from the further consideration, that if the person in possession entered lawfully, although his right to the possession has ceased, the person entitled thereto could not lawfully expel him by force, and, if in such a case force was attempted to be used for that purpose, he might defend his possession by force, and could not be said to unlawfully hold by force.

The judgment of the Court below sustaining the demurrer, must be affirmed, with costs, to the defendant in error.

Present, all the Judges.

DOUGLASS, J., concurred in the result.