## The People *vs.* Farwell.

The Act entitled, " An Act to prevent the manufacture and sale of spirituous and intoxicating liquors as a beverage," approved Feb. 2d, 1855, makes no provision for removing causes from a Justice of the Peace to the Circuit Court by certiorari, but by appeal only.

*Held*, therefore, where a judgment, under said Act, had been removed to the Circuit Court by the former mode, that the Circuit Court, improperly and without authority, assumed jurisdiction.

Error to Kalamazoo Circuit.

An action was commenced before a Justice of the Peace in Kalamazoo County, against Farwell, under section 16 of the " Act to prevent the manufacture and sale of spirituous and intoxicating liquors as a beverage." Judgment was rendered against him for $10 damages, and $5 costs, whereupon he removed the cause, by writ of certiorari, to the Kalamazoo Circuit Court.

At the June term, 1856, of said Court, Hon. Abner Pratt presiding, the judgment of the Justice was reversed. Upon which judgment this writ of error was sued out, under section 12 of said Act.

*Dwight May*, Prosecuting Attorney of Kalamazoo County, for the People.

—— ——, for defendant.

By the Court, Johnson, J.

This was a prosecution against the defendant, for selling spirituous and intoxicating liquors, contrary to the Act of 1855. The prosecution was commenced before a Justice

of the Peace, and the defendant was there tried and convicted. On the trial, various exceptions were taken to the ruling of the Justice. After judgment the cause was removed to the Circuit Court, by writ of certiorari, and that Court, upon a review of the case, reversed the judgment. Upon the judgment of the Circuit Court the plaintiff has sued out a writ of error.

We shall not, for the purpose of disposing of this case, examine the errors assigned, for we are all of opinion the Circuit Court improperly, and without authority, assumed jurisdiction of the case. The Act in question makes no provision for removing these causes by certiorari, but only by appeal, and, this being a jurisdictional question, we will look into it, at any stage of the proceedings, without reference to the assignment of errors. For this reason, then, the judgment of the Circuit Court must be reversed, with costs of suit.

Present, JOHNSON, GREEN, WILLSON, BACON, DOUGLASS, COPELAND and MARTIN, J. J.

PRATT, J., who decided the cause below, did not participate.