# APRIL TERM, 1861, AT DETROIT.

## Israel Sallee v. Silas Ireland.

Where a case made after judgment, is duly signed by the Circuit Judge, and purports to have been settled before him, all previous steps necessary to its settlement must, in the absence of any showing to the contrary, be presumed to have been regularly taken.

Under § 3421 of Compiled Laws a case may be made after judgment in the Circuit Court for a review in the Supreme Court of other questions of law besides those arising upon the evidence.

A case of summary proceedings before a circuit court commissioner to obtain possession of lands, was appealed to the Circuit Court, and after judgment for the complainant, a case was made presenting certain jurisdictional questions for review, but the case did not set forth the affidavit for appeal, and objection was taken in the Supreme Court that only the issue *upon the merits* was brought up by the appeal, unless such a special affidavit was made as was necessary for a special appeal from a justice's court. It was *held* that if such special affidavit was necessary, the court must infer that one was made — the jurisdictional questions having been raised and passed upon by the Circuit Court without objection to the affidavit.

The statute ( *Comp. L.* § 4987) which requires the summons therein mentioned to be made returnable not less than three days from *the issuing thereof*, excludes the day of issuing the summons, so that a summons issued on the *ninth* of the month, cannot be made returnable earlier than the *thirteenth*.

The statute requiring the summons to be served "at least *two* days before the return *day* thereof" necessarily excludes from computation the day of the return, and a summons returnable the *twelfth* must be served as early as the *ninth*.

A defendant moved to quash the proceedings for want of due service of the summons. The commissioner took time for giving his decision — the complainant stipulating to submit the motion without argument if defendant would plead to the complaint, which he did. It was *held* that defendant did not, by so pleading, waive his objection to the service.

*Heard January 15th.   Decided·April 10th.*

Case made after judgment, from Cass Circuit.

Ireland, as purchaser of certain lands on a sale of mortgaged premises under the statute, took proceedings before the Circuit Court Commissioner, to recover posses-

sion thereof. The summons issued by the Commissioner was issued January 9, 1860, returnable January 12th, and was served January 10th. On the return day the defendant appeared, and moved to quash and dismiss the proceedings, for the reason that there was not a sufficient length of time between the time of the issue and the return, nor between the time of the service and the return of the summons, and the Commissioner took time for rendering his decision upon the motion; the complainant stipulating to submit the motion without argument if the defendant would plead to the complaint; and defendant thereupon pleaded not guilty.

On a subsequent day, the motion was denied, and judgment rendered for complainant, from which defendant appealed to the Circuit Court, where he renewed his motion to quash and dismiss. The Circuit Court overruled the motion, and judgment was again rendered for complainant on the merits. After judgment, a case was made, which embodied the Commissioner's return to the appeal, but not the affidavit on which the appeal was based. This case purported to have been "settled and signed" by the Circuit Judge.

The positions of counsel in this court sufficiently appear by the opinion.

*Clarke & Spencer*, for plaintiff in error.

*F. Muzzy*, for defendant in error.

CHRISTIANCY J.:

It is objected by the counsel for the complainant, that this case does not appear to have been made and notice thereof served within ten days after notice of judgment, nor that notice was given to appear before the judge who tried the cause to have the case settled according to rule 81 of the Circuit Courts, and that the right to have the case settled is therefore waived under rule 82.

It is a sufficient answer to this objection to say that *the want of these pre-requisites* does not appear. The case appears to be duly signed by the Circuit Judge, and purports to have been settled before him. All the previous steps necessary to its settlement must therefore, at least in the absence of any showing to the contrary, be presumed to have been regularly taken.

It is further objected that no notice can be taken of any defect in the summons or its service, because the right to make a case for review in this court, under this statute, is confined to questions of law arising upon the evidence.

However this might be under § 3438, Compiled Laws, (upon which we give no opinion) we are satisfied that § 3421 Comp. L. gives a general power of making a case after judgment for review in this court; and that, under this section, a case may be made containing the record, or a statement of so much of it as may be material to the questions to be raised, and that, when the case is so made, any question arising upon the record, as stated or set forth in the case, is properly subject to adjudication in this court.

It is further objected by the counsel for the appellee that § 4998 Compiled Laws, providing for an appeal from the Commissioner, had the effect, at the time of its passage in 1846, to incorporate § 140 Ch. 93 Revised Statutes of 1846: that this section being repealed by the subsequent act of 1855, section 184 of the latter (*Comp. L.* § 3836), takes the place of § 140 Revised Statutes of 1846, Ch. 93, and governs the appeal in this case; and that to enable the defendant to take advantage of the defect in the summons or its service, the affidavit of appeal must have been special, under the rule stated in *Chaffee v. Thomas*, 5 *Mich.* 53.

Whether the appeal is to be governed by the statute of 1855, it is not necessary to decide; nor can we entertain

any objection to the affidavit on the appeal. The case, as made, presents no such question. It does not set forth the affidavit, nor state its nature or its substance. It merely states that "the defendant duly removed this cause into the Circuit Court by appeal." If, therefore, a special affidavit was necessary, we must infer that it was made, as the objections to the summons and its service were formally made in the Circuit Court, and expressly passed upon and overruled by the court, and no objection appears to have been made to the sufficiency of the affidavit.

This brings us to the main question in the case. Did the Commissioner or the Circuit Court obtain jurisdiction of the proceedings?

The case states the summons to have been issued on the ninth of January, made returnable on the twelfth, and served on the tenth.

By the statute under which alone the proceedings were authorized (*Comp. L.* § 4987), the summons must command the defendant " to appear at a time and place therein to be specified, *not less than three,* nor more than six days from the issuing thereof."

This language excludes the day of issuing, and, we think, clearly indicates the intention to require three *entire* days after that day and before the return. Here are but two (the tenth and eleventh) without including the return day, and this can not be counted and yet leave three entire days before the return.

By the next section, § 4988, the service is required to be " at least two days before the return day thereof:" this necessarily excludes the day of the return. The summons was therefore made returnable at least one day too soon, and the service, had the summons been good, was at least one day too late. Both the summons and the service, if not void, were certainly voidable at the option of the defendant. If it was competent for the defendant to waive these defects, we think he did nothing which can be construed

as a waiver. On the return day, he moved to quash and dismiss for these defects. The Commissioner took time for rendering his decision upon the motion; the complainant stipulated to submit the motion without argument if defendant would plead to the complaint, whereupon defendant pleaded not guilty, and the cause was continued. It would be merely preposterous to say that defendant, by this, waived his motion. The plea must be treated as provisional only; it did not deprive the defendant of the benefit of his motion, either before the Commissioner or in the Circuit Court. No jurisdiction was acquired by either, and the case should have been dismissed.

This conclusion renders it improper to consider any question raised upon the merits. The judgment must be reversed, and the defendant must recover his costs in both courts, as well as before the Commissioner.

The other Justices concurred.