## Philip Farrell v. Elisha Taylor.

*Common law certiorari where there is a statutory remedy.*—The allowance of a writ of certiorari by a proper officer, to remove proceedings into the Supreme Court, is not conclusive upon that Court, and the writ may be dismissed if improvidently issued.

The power of the Supreme Court to review the decisions of inferior tribunals on certiorari, is one to be sparingly exercised in cases where other adequate

remedies can be had; and where a decision can be taken up by appeal, and on that appeal the jurisdictional questions, as well as those arising on the merits, can be fully disposed of, a certiorari should not be allowed, unless circumstances exist which show that a failure of justice will result from denying it.

Where, therefore, summary proceedings were had under the statute to recover possession of lands, and judgment rendered for the complainant; and the defendant, instead of appealing to the Circuit Court, procured the allowance of a common law certiorari removing the proceedings to the Supreme Court; and it appeared that the defendant had no claim to any equitable consideration from the Court, it was held that, although the Court had power to review the proceedings in this mode, yet, under these circumstances, the writ should be dismissed, with costs, as improvidently issued.

*Heard October 28th. Decided December 5th.*

Certiorari to a circuit court commissioner for the county of Wayne.

*J. E. Bigelow,* for plaintiff in error.

*D. C. Holbrook,* for defendant in error.

CAMPBELL J.:

Taylor having recovered a judgment of restitution against Farrell, as holding over after a mortgage foreclosure (the proceeding having been had under the statute giving a summary remedy in such cases), a certiorari was issued to the circuit court commissioner, to review his action.

We intimated upon the argument a doubt whether the writ ought to be retained for such a purpose, and, upon further consideration, are satisfied that it should be quashed, as improvidently issued.

It was claimed on the argument, that the allowance of the writ by a proper officer is conclusive upon this Court. Such is not the practice. In the case of *Lantis and others,* 9 *Mich.* 324, it was held that the propriety of the allowance is always open to examination by the Court itself. The writ is not of right, but is granted under discretion; and to allow a single judge, or a person not a member of the Court, to bind it in advance, would be to take away the authority of the Court itself. Unless the writ is granted

by the Court in the first instance, the propriety of its allowance will be considered on motion to dismiss, or on the hearing.

That the Court has jurisdiction to issue this writ, as a matter of judicial power, we think is established by the weight of authority. The case of *The People v. Farwell,* 4 *Mich.* 556, denied such a power to the Circuit Courts, when an appeal lay to those courts from the same judgment which had been taken up by certiorari. Without inquiring into the grounds of that decision, we think the appellate jurisdiction of this Court over inferior tribunals not proceeding according to the course of the common law, is granted by the Constitution in terms broad enough to reach the case. But, while the power exists, it has been considered as one which should be exercised sparingly, in cases where other adequate remedies can be had; and, where a decision can be taken up by appeal, and on that appeal the jurisdictional questions, as well as those arising on the merits, can be fully disposed of, a certiorari should not be allowed, unless circumstances exist which show that a failure of justice will result from denying it: — *Savage v. Gulliver,* 4 *Mass.* 178; *Storm v. Odell,* 2 *Wend.* 287; *Comstock v. Porter,* 5 *Wend.* 98; *People v. Supervisors of Queens County,* 1 *Hill,* 195; *People v. Covert,* 1 *Hill,* 674; *Matter of Mount Morris Square,* 2 *Hill,* 14. The appeal in these cases covers the jurisdiction as well as allowing a rehearing on facts: — *Sallee v. Ireland,* 9 *Mich.* 154. The object of allowing the summary jurisdiction, against tenants and others holding over after their rights have been determined, was to prevent the injustice which would arise, were persons who have entered into land, under circumstances binding them to restore it promptly, to be allowed to retain possession, without color of title, from those owning the title by means of which they got that possession. There are many cases where delay is ruinous; and it would usually be unjust, where there is no

security of payment for the use of the premises by the tenant holding over. The statute has made it a condition of an appeal that security be given for rent as well as costs: — *Comp. L.* § 4998. If a certiorari is to be allowed instead of an appeal, the tenant, if irresponsible, may con‚ tinue his occupancy at the landlord's expense, until the case is determined in this Court. Such injustice should not be countenanced by any Court; and to permit such proceedings to be resorted to, without strong circumstances showing the danger of losing a meritorious case unless such permission is granted, would encourage, instead of preventing injustice.

We have looked into the facts of this case, for the purpose of discovering whether any reason exists for relaxing the rule in the present instance. We find that the commissioner had evidence before him justifying his conclusion that Farrell went into possession under Neveux, who had previously given the mortgage which Taylor has foreclosed. Neither Neveux nor Farrell had acquired any other title or pretense of title. Taylor has acquired the only other title which is shown to exist; but is not debarred thereby from relying on this mortgage title, which has been accompanied by the mortgagor's possession, in person, and by Farrell his tenant. Upon the mortgage foreclosure the statute gave Taylor a right to this summary remedy against any person in possession, where such possession has been only under the equity of redemption.

Farrell has no claim to any equitable consideration from the Court; and, if he has lost his appeal, no injustice has been done, whether the complaint was or was not regular; a question we do not propose to consider upon this hearing.

The writ must be quashed, with costs, as improvidently issued.

MANNING and CHRISTIANCY JJ. concurred.

MARTIN CH. J. was absent.