## Joseph D. Clark v. Richard Gage.

*Forcible entry and detainer : Description of premises.* The description of "lands or tenements" required by §§ *4,976, 4,986 Comp. Laws, (amended Laws of 1867 pp. 88, 89),* providing for summary proceedings for the recovery of the possession of lands, must be sufficiently definite and intelligible to designate and identify the premises intended. The precision required should be measured by rules of pleading, rather than by those which govern contracts.

*Heard October 28. Decided January 5.*

Error to Branch Circuit.

This case was brought into the Circuit Court for the County of Branch by appeal from the judgment of the Circuit Court Commissioner of that County, rendered in a proceeding to recover possession of lands, instituted under the provisions of chapter 150 of the Compiled Laws. The complaint was in the words following:

" State of Michigan—Branch County, ss.   Richard Gage

being duly sworn makes complaint, and, on his oath, says that Joseph D. Clark is now in the possession of the following described lands and premises, to-wit:   A farm in the town of Quincy, in said County, lately occupied by complainant, being the same farm mentioned in the writing executed between the said Clark and complainant, and dated November 24, 1866, by which complainant let the said farm to the said Clark. That the complainant let said farm to the said Clark for one year, and although that period has now elapsed yet the said Clark is now holding over said premises after the time for which they were let to him as aforesaid.   That he holds the said lands and premises unlawfully, and against the rights of this complainant, and that this complainant is now entitled to the possession of the same."

A summons was issued on the complaint, to which the defendant appeared and moved that the writ be quashed, and the proceedings in the cause dismissed upon the following grounds:   1. That said complaint did not sufficiently describe the premises of which possession is sought to be obtained.   2. That the said writ was not made returnable within or at the time provided by law. 3. That the writ is too general—that it is to answer to chapter 150 of the Compiled Laws and acts amendatory thereto, without specifying as to which particular causes of action contained in said act or acts said defendant was to answer. The objections were overruled, and the ruling excepted to by the attorney for defendant. The defendant pleaded not guilty to said complaint, and upon the trial a judgment was rendered against the defendant; from which he appealed to the Circuit Court.

The same objections to the complaint were specially raised in the Circuit Court, and being there overruled, the parties proceeded to trial, which resulted in a judgment for

the complainant; and the case now comes before this Court by writ of error.

*M. S. Bowen* and *A. Russell* for plaintiff in error.

I. It is contended by plaintiff in error that the complaint is defective in not sufficiently describing the premises. What is necessary to be set forth in a complaint?— *Comp. Laws,* § *4.986; Laws 1858, p. 10,* § *18; Laws 1861 p. 465,* § *13; Royce v. Bradburn, 2 Doug. 377; Caswell v. Ward, 2 Doug. 374; Davis v. Ingersoll, 2 Doug. 372; Bush v. Dunham, 4 Mich. 339; Bryan v. Smith, 10 Mich. 229.*

II. Reference to another paper does not aid a complaint, unless it or a copy thereof, is attached thereto and made a part thereof.

The description should be such an one as is known to the law—that is, it should state on what lot or lots, section or sections, or part thereof it is situated, and the town, range, etc., and as particularly as in an action of ejectment, or at least, such a description should be given of the premises in the complaint, as would enable the officer whose duty it might be to restore the possession of the premises to the complainant, to find the same without extrinsic aid.

*Shipman* and *Loveridge,* for defendant in error.

The defendant below brings error to the Circuit, selecting and assigning as error only the rulings upon the motion to quash.

I. Section 4,998 does not contemplate or include the appeal mentioned in Sec. 3,836 of the Justice's act. It is taken from the statutes of 1846, p. 545, Sec. 25, and means just the same, and no more, now, than when it was enacted into a law. At that time appeals from Justices, after a plea and trial upon the merits (as in this case),

meant only a new trial in the appellate Court upon the merits. The ruling upon "any objection to the process, pleading or other proceedings" of the Court below, could not then be reviewed on appeal, but only by certiorari.— *Wood v. Randall, 5 Hill, 267 ; Malone v. Clarke, 2 Hill, 657 ; Agreda v. Faulberg, 3 E. D. Smith, 178 ; Shaw v. Moser, 3 Mich., 71.* We do not understand *Sallee v. Ireland, 9 Mich., 154,* as affecting this point.

II. The assignment of error in the Circuit upon the rulings of the Commissioner was not sufficiently specific. Appeals under Sec. 3,836 are so much like certiorari proceedings that they must be governed by the same rules. Where any assignment of error is required this one would not have been sufficient. See *Fowler v. D. & M. R. Co., 7 Mich., 79 ; Altman v. Wheeler, 18 Mich., 240 ; Deuchars v. Wheaton, 16 How. Pr., 471.* And the Court below was bound to disregard it and affirm the rulings of the Commissioner.—*Derby v. Hannin. 5 Abbt's Pr., 150 ; Bush v. Dennison, 14 How. Pr., 307.* At all events this general objection taken to the Commissioner's rulings was not available unless each and all of the rulings were wrong.— *Van Kirk v. Wilds. 11 Barb. 520 ; Carland v. Day, 4 E. D. Smith, 251.*

III. The motion to quash was based upon the ground that the complaint did not sufficiently describe the premises. There is no reason for strictness in the rule. The proceeding does not affect the title to the premises, and therefore if the complaint notifies the immediate parties of the premises meant, that is sufficient. There is no pretense that it did not do this. It will not do to say the Sheriff could not find the premises by this description, for that is not true. He could find them much easier than if described by town and range. In trespass, before the rules requiring a particular description in England, the *locus* was described simply as "the close of the plaintiff" in—— Parish. Since the adoption of the rules the name of the

close being added was sufficient.—*2 Chitty Pld., 866–7.* In ejectment, the premises are only described by name.—*Ibid Ad. Eject 24.* So that the description in the complaint is more than sufficient to satisfy the rule in either of those actions. Sec. 4,561, Comp. Laws, requires in ejectment, perhaps, a description by town and range where that is possible; but if necessary in detainers why did not the statute say so? In *Davis v. Ingersoll, 2 Doug., 373,* this description was not questioned : " A certain tenement and dwelling house of right in the occupation and possession" of complainant. In *Farwell v. Fox* replevin (*18 Mich.* 166), the property was described as " six oxen " simply, but it was held sufficient. Is there any reason for a stricter rule in proceedings to recover possession of land, than in actions to recover personal property.

GRAVES J.

This was a proceeding instituted before a Circuit Court Commissioner, to recover the possession of land in the summary manner, authorized by chapter 123 of the revised statutes of 1846.

The complainant Gage recovered judgment before the Commissioner, when Clark carried the case by appeal to the Circuit Court where judgment was again given in favor of Gage.

The defendant Clark now brings error in this Court, and claims that the complaint upon which the trials below were had, did not contain a sufficiently certain description of the real estate, of which Gage sought to recover possession, to warrant a judgment of restitution, after objection made upon the ground of such supposed insufficiency.

The objection to the complaint was taken before the Commissioner and was judged untenable ; and was afterwards on appeal specifically raised and overruled in the Circuit Court; and that decision is now explicitly assigned for error. The

point is therefore open for discussion in this Court. *Laws 1861, pp. 465, 466 ; Sallee v. Ireland, 9 Mich., 154 ; Farrell v. Taylor, 12 Mich., 113.*

The statute (*Laws 1867, pp. 88, 89,*) requires that the complaint, which is the foundation of all the subsequent proceedings, should " describe the land or tenements " in question, and the defendant can only be found guilty of an unlawful detention of the whole or some part of the premises as they stand described in the complaint.—§ *5,001 Comp. L.*

The writ of restitution must necessarily follow the judgment based on such finding and guide the officer in putting the complainant in possession.

Neither the Commissioner nor the Circuit Court would be authorized to direct the officer in this regard in any other manner than by means of the writ, nor could they exercise that control over his action, which courts have sometimes exerted in ejectment, in case of indefinite description in the writ of possession.— *Cottingham v. King, Burr., 623 ; Connor v. West, Burr., 2,672 ; Seward v. Jackson, 8 Cowen, 427.*

Although the statute has not expressly suggested the degree of precision with which the premises should be described, the nature of the proceeding itself and the circumstance that the law declares that the lands or tenements shall be described sufficiently, indicate the necessity of a description so definite and intelligible as *prima facie* to designate and identify the premises intended.

The complaint is of the nature of a pleading, *Caswell v. Ward, 2 Doug., 374,* and the degree of certainty with which it should describe the premises, should be measured by the rules of pleading, rather than by those which govern contracts. —*Sedgwick on St. and Const. Law, 261-262.* See also *Noy 7, Johnson v. Heydon, Br. Abr. Feoffment, pl. 14.*

This distinction has been frequently recognized and applied. In *Miller v. Miller, 16 Pick., 215,* a partition was prayed by a petition which set forth that the peti-

tioner was seized, etc., of an undivided moiety of one-fourth of an acre of land, on which a saw mill formerly stood, on a stream of water called Fall Brook, with the lands on which the log ways of said mill were laid, together with the dam across said stream, and the privilege of the water thereof, and the appurtenances to said lands and tenements belonging, *which said lands and tenements are situated in said Middleborough, and said dam is the same dam by means of which a head of water was formerly raised for the working of the Fall Brook Furnace; and that he claimed such moiety as conveyed to him by John Miller, by deed dated March 30, 1775, recorded in the registry of deeds, and produced in court.*

It was objected that the petitioner had not set forth with sufficient certainty the premises to be divided, and the Court held that the description was too indefinite and uncertain to be the basis of a judgment. Chief Justice Shaw in deciding the case said : " The degree of certainty sufficient in a deed of conveyance, would often be insufficient in a legal process, *because in the former an indefinite description may be made good by evidence aliunde. For this reason the reference made to a deed given to the petitioner sixty years ago,* as well as for the obvious one that in such a length of time, the local objects and circumstances may have greatly changed, cannot help the uncertainty. Reasonable certainty is necessary in a petition for partition, to enable the respondent to traverse the petitioner's seizin, to enable the Court to decide how partition shall be made, and to enable Commissioners, after an interlocutory judgment, *to ascertain the estate to be divided.*

In *Atwood v. Atwood, 22 Pick., 283,* which was a writ of dower, the declaration described a parcel of land in lot No. 5 as bounded on two sides by land of the tenant, without giving the other boundaries, and referred to a deed of W. Blinn, and its place of record for a particular description.

19 MICH—M3.

On motion in arrest of judgment for the insufficiency of the description, the objection was sustained and the Court said;—"In the description of the land within that lot (No. 5) reference is had to Blinn's deed, and unless the description can be aided by that reference, it is not sufficiently definite and certain.—*And it is very clear that it cannot be thus aided. Such a reference would be good in conveyance of the land,* or in a demand of dower before action brought, as has been already remarked. But when lands are *demanded,* the description of them must be so certain that seizin may be delivered by the Sheriff without reference to any description *dehors* the writ. It is not necessary in every case to describe the land demanded by metes and bounds, but there must be a certain description in the writ itself, and no defect can be cured by a reference to any existing conveyance."

In *Flagg v. Bean, 5 Foster, 49–65,* which was a writ of entry, the Supreme Court of New Hampshire quoted, with approbation, the foregoing passage from the opinion in *Atwood v. Atwood,* and held that the description of the premises demanded in a real action, would not be aided, enlarged, or restricted by reference to any other instrument.

Without adopting the extreme view that the description required in a complaint should be so explicit as to enable the Sheriff to deliver possession without reference to any extrinsic facts, it is believed that the principle pervading these cases is a clear and correct authority for holding that the certainty requisite in a complaint in this class of cases, is not attained by a bare reference to a deed or other instrument; and further that such reference when made will not have the effect to help an otherwise insufficient description.

It is not possible to define with perfect exactness the kind of description which will suffice in all cases; but it may be stated as a general rule that it should be so precise as *prima*

*facie* to give to the defendant who is to answer to the complaint, the tribunal appointed by law to decide upon it, and the officer who may be required to put complainant in possession, a distinct idea of the very premises in question.

The degree of precision which is here indicated may be attained, and yet from the nature of the subject matter and its surrounding objects, the officer on executing a writ of restitution or possession may find it necessary to instruct himself in local circumstances in order to act correctly. But any necessity of that kind would result from unavoidable difficulties belonging to the subject matter, and not from any defect in the proceedings on paper.

In the case before the Court, the complaint described the premises as " a farm in the town of Quincy, in the said county, LATELY *occupied by complainant,* being the same farm mentioned in the writing executed between the said Clark and complainant and dated November, 24, 1866, by which complainant let the said farm to the said Clark." This averment does not state *when* the premises were occupied by complainant, nor does it in any other manner *appear* to identify them, except by reference to a writing alleged to have been executed by the parties on the 24th of November 1866, by the way of lease. It does not specify the premises by any name, or number, or describe them by boundaries, abuttals, monuments or any characteristics which might distinguish them upon the record, nor is there anything to warrant the supposition that a more definite description was found impracticable.

Rejecting the naked reference to the paper executed by the parties, as totally insufficient to give to the complaint any greater certainty than it would otherwise possess, the description is seen to be wholly indefinite and insufficient in a proceeding like that in question.

It was likewise assigned for error, that the writ issued

by the Commissioner was not in the form, nor made returnable within the time, prescribed by law; but as these points were abandoned by the plaintiff in error, we do not consider them.

The judgment below should be reversed with costs.

The other Justices concurred.