FARRAR *vs.* HIGHWAY COMMISSIONERS OF SILVER CREEK.

hearing on the owners or occupants is said to be essential to jurisdiction. By Section 3, Laws of 1867, page 171, the Commissioners must return their doings, among which doings must be the notice given.

The defendants have furnished no evidence of the service in this case except the words, "due notice having been given," which on the state of this record amounts to saying "no notice was given to the owners," &c.

Instead of this, the return should have said, " having found that personal service," or whatever the service was, " of the notice herewith returned has been made on," naming them, " who are the only owners or occupants of the premises through which the highway is proposed to be laid, at least ten days before the time of the meeting in said notice given, and that such notice has been posted at," naming the places, the same length of time, " being three public places in the township."

In computing the ten days, the day of giving the notice and of meeting must both be excluded.

For want of notice, the laying of this highway is a nullity.

---

## HARRIET SNELL *vs.* SAMUEL SCOTT.

Where the statute requires service of process a certain number of days before the return day both day of service and the return day must be excluded.

Where, by statute, an act is required to be done in any number of days less than a week, Sunday is to be excluded.

Circuit Judges have no original jurisdiction in cases under the Forcible Entry and Detainer Act, as amended in 1867.

*Decided at Chambers, Kalamazoo, May,* 1871.

The complainant in this case, made and delivered to the Circuit Judge, a complaint in writing, setting forth that the defendant is in possession of certain described lands of the complainant, in the county of Van Buren, and that he holds the same unlawfully and against the rights of the complainant, and praying for a restitution of the same. Thereupon, on the third day of May, 1871, a summons was issued, commanding the defendant to appear before the

said Circuit Judge, at the Circuit Court Room in Kalamazoo, in the county of Kalamazoo, on the ninth day of May, at one o'clock P. M., to answer to said complaint.

The summons was served Saturday, May 6th.

The defendant moves to quash the complaint, summons and other paoceedings in the cause and to dismiss the proceeding.

*Balch, Smiley & Balch*, for Complainant.

*John B. Upton* and *Arthur Brown*, for Defendant.

*Opinion by* BROWN, J.—Paragraph 4976, of the *Comp. L.*, as amended by *Sess. L.* 1867, p. 88, provides that " The person entitled to the possession of the premises, his agent or attorney, may make complaint in writing and on oath, and deliver the same to a Circuit Court Commissioner, or the Recorder of the city of Detroit, or a Judge of a court of record of the county or city in which the premises are situated, or to a Justice of the Peace of the township where the premises are located," &c.

The following were stated as two of the grounds for the motion :

1. The service of summons was not made a sufficient length of time prior to the return day thereof.

2. That the statute does not authorize proceedings of this character to be had before Judges of the Circuit Courts.

The statute requires the summons to be served "at least two days before the return day thereof." *C. L.*, § 4988. Where the statute requires service of process a certain number of days before the return day, both day of service and the day of the return must be excluded. *Douseman vs. O'Malley*, 1 *Doug.*, 450 ; *Salee vs. Ireland*, 9 *Mich.*, 154. And it seems to be equally well settled that where by statute an act is required to be done in any number of days *less than a week*, Sunday is to be excluded. *Drake vs. Andrews*, 2 *Mich.*, 203 ; *Thayer vs. Felt*, 4 *Pick.*, 354. Recognizing this as the correct construction of the statute, renders it unnecessary, in order to dispose of the case, to examine the other question presented by the motion.

As the decision upon the question of notice, however, would be but a temporary disposition of the case, it may be well to consider whether the statute confers jurisdiction upon Judges of the Circuit

Courts to hear cases of this character.   By the provisions of § 4 986 proceedings under the "forcible entry and detainer act" might be had before a " Circuit Court Commissioner or Judge of the Circuit or county Court for the county," in which the lands were situated In 1861 this section was amended by striking out the words " or county," and by conferring jurisdiction upon Justices of the Peace in such cases, in townships or cities where the premises were situa- ted, where no Circuit Court Commissioner · holds his office. *Sess. L.* 1861, p. 465.   In 1867, this section was amended as first above quoted, providing that the complaint might be delivered to " a Circuit Court Commissioner, or Recorder of the city of Detroit, or a Judge of a court of record of the county or city in which the premises are located."  The Circuit Court is a court of record.. But is it a court of record " of the county" within the meaning of this statute ? I am unable to find in the statutes or rules any reference to Circuit Courts as "courts *of* the county"; but when referred to in connection with a county, the language is, " Circuit Court *in* the county;" or " Circuit Court *for* the county."   The fact that the amendment of 1867, does not refer to Circuit Courts, by name, and that the " courts of record" referred to are mentioned as " *of* the county" is, I think, significant, as bearing upon the question of the intention of the Legislature.   The word "of" is defined as being equivalent to "from, or out from : proceeding from, as the cause, source, means, author or agent bestowing; belonging to; pertaining or relating to ; concerning."  \While the word " for," is often used as synonomous with the word "of," it has a broader, and in some instances a differ- ent meaning.   To do a thing *for* another, is to do it in his behalf, and does not imply, necessarily, any authority derived from the per- son, or that the person doing the act sustains any relation peculiar to the person for whom the thing is done, or any different relation than that sustained to others.   I think the words " of the county," must be construed as pertaining exclusively to the county, and when ap- plied to a court must be held to mean such a court as grows out of and is requisite and incident to a complete organization of the county—a court presided over by a Judge whose official character and authority is limited to the county.   Most of our Circuits are composed of a number of counties, and in some instances, the Judge resides at so great a distance from some portions of his Circuit, that

it would be almost if not quite impossible for a defendant to reach the office of the Judge, on a two day's notice. The Judge of the 11th Circuit, resides at Detroit, while his Circuit is composed of comparitively new counties in the north part of the State, where during some portions of the year the means of conveyance are very limited. These considerations would, at least, furnish a reason for a change in the law; and from the peculiar phraseology of the act of 1867, I can arrive at no other conclusion than that a reasonable and correct construction of this act would be to deprive Circuit Judges of jurisdiction in this class of cases.

The proceedings must be dismissed.