## Samuel Bryan v. Henry B. Smith.

The complaint in summary proceedings against tenants and others to recover possession of land, may be in general form, without setting forth the particular facts making a case within the statute; but it must show that complainant is entitled to the possession of the premises at the time of the making of the complaint.

Where the complaint only showed that complainant *became entitled* to the possession upwards of fourteen months before the proceeding was instituted, it was held not sufficient to confer jurisdiction upon the Commissioner to try and determine the case.

And where the complaint was insufficient to confer jurisdiction, but the Commissioner nevertheless proceeded to hear the case, and gave judgment for the complainant, and the defendant appealed to the Circuit Court, which decided that the complaint did not confer jurisdiction, and reversed the judgment; it was *held* that the Circuit Court had jurisdiction to render a judgment for costs in favor of the defendant.

*Heard May 7th and 8th.   Decided May 23d.*

Error to Lenawee Circuit.

Bryan commenced proceedings before the Circuit Court Commissioner to recover possession of certain lands. The following is a copy of the complaint.

"The complaint of Samuel Bryan, of the township of Raisin, Lenawee county, and State of Michigan, respectfully shows:

That heretofore, on the twentieth day of August, A. D. 1850, Moses Smith and Violetta Smith, his wife, made and executed, and on the thirty-first day of August, 1850, acknowledged and delivered unto your complainant, a certain deed, of which the following is a copy:

[This copy is omitted. It purported to convey the premises in controversy, but the conveyance to take effect on the decease of the survivor of the grantors.]

"That afterwards the said Violetta Smith died, to wit, on or about the thirteenth day of April, 1854.

That afterwards the said Moses Smith, being in possession of said premises under said agreement and deed, and according to the terms thereof, let into possession of said premises one Henry B. Smith, who held the same

under the said Moses Smith, and as his tenant worked said place and carried on said place, from the twentieth day of January, A. D. 1857, or thereabouts, until the death of said Moses Smith, as hereinafter specified.

That the said Moses Smith died on or about the fourth day of June, A. D. 1858, at Tecumseh aforesaid, by which said deaths the said complainant became entitled to the possession of said premises.

That said Henry B. Smith has refused and still refuses to deliver up the possession of said premises to this complainant.

And this complainant further shows that said Henry B. Smith is in possession of the lands and tenements [describing them]. And that said Henry B. Smith holds the same unlawfully, and against the right of the complainant.

He therefore asks for such relief in the premises as is provided for by the statute in such case made and provided.

Dated the 26th day of August, 1859.'

Objection was taken to this complaint before the Commissioner, as insufficient to confer jurisdiction, but the objection was overruled, the case tried on the merits, and judgment rendered in favor of complainant. Defendant appealed, and in the Circuit Court judgment was given "that the matter in controversy was not within the jurisdiction of the Circuit Court Commissioner, from whose decision the appeal in said cause was taken, and that said Commissioner had no jurisdiction to render such decision and judgment as aforesaid, and in consequence that this Court has not jurisdiction to hear, try and determine the same; therefore it is considered and ordered that said cause be, and the same is hereby dismissed; and that the said defendant do recover against said plaintiff his costs by him about his defense in this behalf expended."

*Millerd & Condict* for plaintiff in error:

The complaint states all the facts necessary to give the officer jurisdiction.

BRYAN v. SMITH.

The statute (Comp. L. § 4986) prescribes that the complaint shall set forth "that the person complained of is in possession of the lands or tenements in question, describing them, and that such person holds the same unlawfully and against the right of the complainant."

This the complaint does, and we submit that such a statement is all that was necessary. The statute intended to provide a general form for a complaint in these proceedings, as it does for a declaration in ejectment.— 26 *Mo.* 257.

The statute of Missouri is so nearly like ours as to make the decision apply equally well to ours.

In our own State it has been held that the complaint must make such a statement of facts as brings the party within the class of cases for which a remedy is provided by the act.—2 *Doug. Mich.* 374, 376 ; 4 *Mich.* 344. But the statute under which the proceedings in the former case were taken, did not prescribe what the complaint should contain: and in the latter case, the Court seem to have followed the decision in the former, without noticing the change in the statute in that respect, and overlooking (as it seems to us), or disregarding the provisions of the 13th section of the present statute.

But, however this may be, the complaint in this case does also make such a statement of facts as, independently of the provisions of section 13, brings the party clearly within the class of cases for which a remedy is provided by the first subdivision of section 12 of the act, and thus complies with the rule as laid down by the Court in these cases. It shows:

1. That the complainant bought the land of Moses Smith and wife, and was, by the terms of the deed, entitled to the possession thereof, at their death.

2. That the defendant entered as the tenant of said Moses, in his life time, after the execution of said deed.

3. That said Moses and wife are both dead, and that

the complainant is now "the person entitled to the possession."

4. That the right of the defendant as lessee had terminated by the death of his lessor, and the consequent determination of his estate; and

5. That the defendant holds over, unlawfully, against the rights of the complainant.

The judgment for costs was clearly erroneous.—4 *Ohio*, 200 ; 2 *Wood. & Minot*, 417 ; 1 *Swan*, 193 ; 1 *Wis*. 511 ; 4 *Wis*. 188.

*Geo. Kingsley* and *T. M. Cooley* for defendant in error:

To give the Commissioner jurisdiction, the complaint must allege all the facts necessary to bring the case within the statute. — 2 *Doug. Mich*. 376, 377 ; 4 *Mich*. 339 ; 16 *Barb*. 473. The statute does not undertake to give a form of complaint, but only indicates certain things to be set forth. The facts which show a right to take the proceeding must still be shown.

The complaint is clearly bad because not showing that complainant, *at the time of the commencement of the proceeding*, was entitled to possession.—6 *Hill*, 316 ; 4 *Mich*. 339.

The judgment for costs was correct. It has been frequently decided that costs cannot be taxed where a cause is dismissed for want of jurisdiction. But the contrary has also been frequently held:—3 *Cranch*, 514 ; 12 *S. & M*. 629 ; 6 *Greenl*. 405 ; 19 *Me*. 22 ; 26 *Miss*. 172. In this case we think our statute gives costs:— *Comp. L*. §§ 5597, 4991, 5600. See 7 *Metc*. 590 ; 8 *Metc*. 343 ; 8 *Cush*. 313 ; 4 *Gray*, 201 ; 28 *Me*. 102 ; 11 *Ala*. 122 ; *Ibid*. 340 ; 8 *Ind*. 147 ; 23 *N. Y*. 164 ; 5 *Cow*. 33. Where a proceeding is commenced in a court of limited jurisdiction, and removed thence by appeal, the appellate court has jurisdiction to set aside and annul the erroneous judgment:—39 *Me*. 465 ; 5 *Metc*. 236, 240, *note*; 6 *Fost*. 203. On appeal in this class of cases the statute expressly allows the court to award costs.— *Comp. L*. §§ 4998, 3863.

BRYAN v. SMITH.

CHRISTIANCY J.:

This was a proceeding before a Circuit Court Commissioner to recover the possession of certain land, claimed to be wrongfully withheld by the defendant Smith. The Commissioner gave judgment for restitution in favor of complainant. The defendant appealed to the Circuit Court: and the Circuit Court, on the trial of the appeal, gave a judgment of dismissal, on the ground that the matter in controversy was not within the jurisdiction of the Commissioner, and, consequently, that the Circuit Court had no power to hear and determine the matter in controversy on appeal; and the complainant removes the case to this Court by writ of error.

It is clear from the nature of the case stated in the complaint, that it was intended to be brought under the twelfth and thirteenth sections of chapter 123 Rev. Stat. of 1846 (*Chap.* 150 *Comp. Laws*) applicable to cases where possession has neither been taken nor held by force, and that, if the complaint cannot be sustained under these sections, it must fail.

Several questions have been raised, which, from the view we have taken of the case, we do not deem it necessary to notice. It is objected by the defendant that, even admitting the case made by the complaint to be, in other respects, sufficient, it fails to make a case coming within the provisions of the statute, and therefore to give jurisdiction to the Commissioner; because it does not aver that the complainant was "entitled to the possession of the premises" at the time the complaint was instituted.

This being a special proceeding, not according to the course of the common law, and before a special tribunal of limited powers, it is clear that the complaint must show upon its face all that is necessary to bring the case within the statute, and to confer jurisdiction, or none can be obtained.

Under the Revised Statutes of 1838, Chap. 5, Title III,

10 MICH.—P.

Part 3, and the amendment of 1840 (*Laws of* 1840, *p.* 83 &c.), which made no provision as to the form or requisites of the complaint, this, on the general principles of pleading, could only be done by setting forth the particular facts making a case within the statute; *Caswell v. Ward,* 2 *Doug. Mich.* 374; *Royce v. Bradburn, Ibid.* 377. This was found to be often difficult and embarrassing, and not well adapted to a summary proceeding. The Revision of 1846, Chap. 123, was, we think, intended to remove this difficulty to some extent, by indicating a form of complaint, in which the case might be set out in a general form, without setting forth the particular facts, and somewhat on the principle of the statute declaration in ejectment. The twelfth section of the chapter describes the various classes of cases in which this proceeding may be had. The thirteenth section is in the following words: "In the cases specified in the preceding section, the person entitled to the possession of the premises, his agent or attorney, may make complaint in writing and on oath, and deliver the same to a Circuit Court Commissioner or Judge of the Circuit Court for the county, setting forth that the person complained of is in possession of the lands or tenements in question, describing them, and that such person holds the same unlawfully and against the right of the complainant."

It is doubtless true that a complainant is not bound to avail himself of the benefit of this section, but is still at liberty to set out in full the particular facts to bring his case within the statute. If, however, he elect to do this, he can omit no fact which is essential to his case, or which is necessarily included in, or implied by, the general form of complaint indicated by the statute.

Whether under this thirteenth section it would be necessary to indicate in any manner under what clause of the twelfth section the complainant intended to bring his case, it is not necessary here to decide; but we are inclined to the opinion that this may be left to the proof.

But the complaint must show upon its face that it is made by the "person entitled to the possession, his agent or attorney." No other person is competent to make it. In whatever form, therefore, the complaint is made, the allegation that the complainant (or person in whose behalf the complaint is made) is *at the time* entitled to the possession, constitutes a necessary part of the complaint, without which no jurisdiction can be obtained. It is true the latter part of the section does not expressly enumerate this as one of the matters to be set forth; but it is necessarily implied by the former portion of the section, which requires the complaint to be made by the "person entitled to the possession, his agent or attorney." This was expressly decided in *Bush v. Dunham*, 4 *Mich.* 339. The decision, it is true, was made upon a complaint under the third section of the same chapter; but the language of the two sections is identical, in this respect; in neither is the allegation expressly required in that part of the section stating what shall be set forth; but its necessity is equally and necessarily implied in both. In the present case there is no such allegation. It is true the complaint, after setting forth a certain deed to complainant from Moses Smith and wife, which reserved a life estate to the grantors, and averring the death of the two grantors—the last on the fourth day of June 1858—avers that complainant thereby "became entitled to the possession of the premises." This, however, is but an allegation that he was entitled to the possession on the fourth day of June, 1858, more than fourteen months prior to the making of the complaint. As matter of evidence, a fact, in its nature continuous, being once shown to exist, will often be presumed to continue, unless the contrary be shown. Whether this rule applies to pleading in ordinary cases, it is not necessary here to determine, as it certainly cannot apply to the averment of a jurisdictional fact, which is required to be an existing fact at the time the proceeding is instituted, in order

to confer jurisdiction of a special proceeding like this. This point was also directly decided in *Bush v. Dunham, ubi supra.* The express allegation of the existing right of the complainant to the possession can, we think, be dispensed with only by setting out the particular facts which show the right to be an existing one. Hence we think the complaint in this case was not sufficient to confer jurisdiction.

But it is assigned as error that the Circuit Court gave judgment for costs against complainant, which it is insisted the Court had no authority to do, if he had no jurisdiction of the subject matter of the complaint.

Had the statute provided this proceeding as an original one in the Circuit Court, and the complaint had been thus defective, this objection would, doubtless, be well taken. But when the statute gives an appeal, as in this case, from the Circuit Court Commissioner to the Circuit Court, it gives to the latter the jurisdiction to decide upon the jurisdiction of the Commissioner as one of the questions involved in the appeal, and the appeal may be brought for the purpose of avoiding the effect of the Commissioner's decision on this very ground. We can see no reason therefore to doubt the power of the Circuit Court to give the judgment for costs against the complainant in this case, under § 5600 Comp. Laws, as the complainant would have been entitled to costs had the judgment been in his favor:—*Ibid.* §§ 5597 and 4991. We think, therefore, there was no error in the judgment or proceedings of the Court below, and that the same should be affirmed, with costs.

MARTIN CH. J. and MANNING J. concurred,

CAMPBELL J.:

I agree in the result arrived at by my brother Christiancy, both as to the insufficiency of the complaint and the liability for costs.

BRYAN v. SMITH.

I think also that enough should appear on the complaint to show that the case comes within one of the enumerated classes in which summary proceedings are allowed. It is a general rule that the jurisdiction of special tribunals over the case presented should appear on the record, and it seems to me this is not made otherwise by the statute. I see nothing in our present law to make the case of *Caswell v. Ward*, 2 *Doug. Mich.* 376, inapplicable. That case was decided upon another statute, but I do not think that upon this point there is any repugnancy between the different enactments.

*Judgment affirmed.*