## GENSLER *v.* NICHOLAS.

1. LANDLORD AND TENANT—SUMMARY PROCEEDINGS—AMENDMENT OF COMPLAINT AFTER APPEAL.
    The complaint in summary proceedings to recover leased premises may be amended so as to correct the description of the land after appeal to the circuit court, the complaint furnishing other means of identification of the premises than that contained in the specific description and there being but one contract and one controversy between the parties. Section 10268, 3 Comp. Laws.

2. PLEADING—AMENDMENTS—PROPRIETY—NEW MATTER.
    The true test of the propriety of an amendment of a pleading is whether the effort is to introduce what is a new subject of controversy or to amplify or correct the statement of the cause of action originally intended, and which is the real subject of controversy between the parties.

3. LANDLORD AND TENANT — LEASE — CONSTRUCTION — TERM CREATED.
    A lease for the term of "three years with privilege of five years" is not a lease for three years with the privilege of five additional years.

4. SAME—CONTINUANCE IN POSSESSION—EFFECT.
    Where a lease provides for a term of three years with privilege of five years, continuance in possession after the expiration of the three years is an election to continue under the lease, and does not create a tenancy at will or from year to year.

5. APPEAL AND ERROR—QUESTIONS CONSIDERED—THEORY BELOW.
    A claim in this court that the lease in controversy did not terminate at the end of five years from its date, but at the end of five years from the date possession was given under it, is not open to appellant where the point was not made below and counsel stated on the trial that the lease terminated on the anniversary of its date for the purpose of supporting his claim that a tenancy from year to year or at will was subsequently created.

Error to Clinton; Dodds, J., presiding. Submitted

January 14, 1908.  (Docket No. 114.)  Decided March 17, 1908.

Summary proceedings by Mary Gensler against George Nicholas for the possession of certain real estate. There was judgment for complainant, and defendant brings error. Affirmed.

*Shepard & Smith* (*Lyon & Moinet,* of counsel), for appellant.

*Fred R. Everett,* for appellee.

MONTGOMERY, J.  This action was brought to recover possession of land under section 11165, 3 Comp. Laws. The complaint averred the following:

"That George Nicholas is in possession of the following described lands and tenements, situated in the township of Ovid, in said county of Clinton and State of Michigan, to wit: The south half ($\frac{1}{2}$) of the northwest quarter ($\frac{1}{4}$) of the southwest one-quarter ($\frac{1}{4}$) of section twenty-eight (28), township seven (7) north, range one (1) west.

"That said Mary Gensler, the complainant herein, is the owner of a life estate in and landlady of said premises, and said George Nicholas, the defendant herein, is the tenant under her.

"That said George Nicholas holds said premises unlawfully and against the rights of said complainant, Mary Gensler, and that said Mary Gensler is entitled to the possession of the same."

Summons was duly issued and served upon the defendant who appeared on the return day specified and demanded security for costs.  The defendant did not plead but demanded a jury trial and the case was adjourned. On the adjourned day the defendant did not appear and the complainant proceeded to offer evidence and judgment passed against the defendant.  The defendant thereupon appealed the case to the circuit court.  After entering upon the trial, it was objected that the land described in the complaint was not the land with reference to which the contract between the parties offered in evidence referred.

Complainant was thereupon permitted to amend the complaint so as to describe the land as the south half of the northeast quarter of the southeast quarter of section 28 in the same township and range.    It is alleged that this was error and three reasons are assigned: *First*, that the statute under which complaint was made and filed precludes such an amendment; *second*, that the issue was thereby made entirely different in the circuit from the issue in justice's court; *third*, that a new, distinct, and separate cause of action was substituted by the amendment in place of the original cause of action tried in justice's court.    Counsel mainly rely in support of the first proposition upon *Bryan* v. *Smith*, 10 Mich. 229, and *Clark* v. *Gage*, 19 Mich. 507.

The first case, *Bryan* v. *Smith*, holds that under section 11165 it is essential that the complaint contain a sufficient statement of facts to show a right existing under this section.    But the question of whether an amendment to the complaint was allowable was not considered or discussed.

The case of *Clark* v. *Gage* holds that in proceedings under this section, a description of the lands must be contained in the complaint sufficient to definitely and intelligently designate and identify the premises intended, and that the precision required should be measured by rules of pleading rather than by those which govern contracts. In that case, no question of the right to amend was involved.

We see no valid reason for excluding from the provisions of section 10268, 3 Comp. Laws, summary proceedings in the nature of those in question.    That section is very broad in its terms.    It provides that the court in which any action shall be pending shall have power to amend any process, pleading, or proceeding in such action, either in form or substance, for the furtherance of justice, on such terms as shall be just, at any time before judgment is rendered therein.

The question arises whether this amendment introduced

a new cause of action, or whether it was a correction of error in stating the cause of action upon which the case was brought.

It was said in *Pratt* v. *Montcalm Circuit Judge*, 105 Mich. 499:

" It is a question of acknowledged difficulty to ascertain in just what cases an amendment may be said to set out a new cause of action."

We think, however, the true test is whether the effort is to introduce what is a new subject of controversy or on the other hand to either amplify or correct the statement of the cause of action originally intended, and which is the real subject of controversy between the parties.

Defendant's counsel cite the case of *Angell* v. *Pruyn*, 126 Mich. 16, and it may well be used as illustrating what is in fact the introduction of a new cause of action. In that case, the plaintiff sought to recover for a breach of warranty on a sale of certain fruit trees. By his original declaration he confined his averments to transactions occurring in September of 1894 and averred a contract made as of that date for the delivery of certain trees which were not true to the warranty and on which he suffered damage. The amendment sought to be introduced was an amendment averring another contract made in August, 1895, for trees to be delivered in the spring of 1896. As a matter of fact, two separate causes of action existed in favor of the plaintiff, as the case shows. It was held that the attempt to introduce this additional cause of action by amendment was introducing a cause of action not originally counted upon, and that such an amendment should not have been permitted.

In the present case there is no claim that more than one cause of action existed in favor of the complainant, nor is there any intimation or indication that there was more than one contract between them. The complaint furnished other means of identification of the premises in controversy than that contained in the specific description.

The complaint averred that Mary Gensler was the owner of the life estate in and landlady of the premises, and that defendant was a tenant under her. This was a means by which defendant was apprised of what lands were intended, and in such case, we think it was competent to permit an amendment giving the true description.

It is stated as a result of the authorities in 1 Encyclopædia of Pleading and Practice, p. 560:

" Amendments are also allowed to correct an erroneous description of the property which is the subject of the suit, or to which the suit relates."

The case of *Cooper* v. *Granberry*, 33 Miss. 117, was an action to recover possession of lands. The complaint described the land as the north half of the west half of the southwest quarter of section 14, township 4, range 2 west. The plaintiff moved the court for leave to amend the complaint, describing the land as situated in the southeast instead of the southwest quarter of section 4. Leave was granted. The court say:

" The statute under which the complaint was filed, in the clearest manner authorized the amendment. The object of the suit was to recover a particular tract of land, and it would have been simply useless litigation, after the error was confessed, if the amendment had not been permitted. The object of the amendment was to bring before the court the true subject of litigation, and not to go through the forms of a trial in regard to a subject, about which there was no controversy between the parties."

In *Rau* v. *Railroad Co.*, 13 Minn. 442, the complaint alleged that the plaintiff was the owner and in possession of lots 7 and 8 in block 182 in the town of West St. Paul. On the trial, the plaintiff testified that he occupied lots 9 and 10 in block 181, and the defendant objecting to the testimony as not referring to the property described in the complaint, plaintiff asked leave to amend the complaint by inserting the words "lots 9 and 10, block 181 " in lieu of the words "lots 7 and 8 in block 182." The court allowed the amendment, and the defendant excepted. The court say:

" There is no pretense that the claim which the plaintiff evidently intended to set up in this case was changed by the amendment, nor that the defendant was misled by the mistake corrected, nor prejudiced by the amendment. We see no reason to doubt the propriety of the allowance of the amendment, in view of the very liberal provisions of sections 100, 101, 104, p. 463, Gen. Stat."

In *Heilbron* v. *Heinlen*, 72 Cal. 376, certain lands in range 20 east were described in the complaint. Plaintiff's counsel asked, and were permitted against the objection of defendant's counsel, to amend the complaint by striking out the word "twenty" and inserting the word "nineteen." The court say:

"We see no error in the ruling. A mistake had evidently been made in describing the land sought to be recovered, and it was not an abuse of the court's discretion to allow it to be corrected."

In *Leeds* v. *Lockwood*, 84 Pa. 70, the præcipe in the writ did not give a description of the land for the recovery of which action was brought, and after a lapse of 10 years, in which the case was pending, an application was made to amend the description of the writ so as to make it apply to other lands. It was conceded that the description in the writ and original declaration did not cover the land in possession of the defendant, Myron Luther, but, by adopting that in the proposed amendment, the description covered the land in controversy. The trial judge refused the amendment, on the ground that it introduced a new cause of action, saying that the description was filed on an entirely different lot.

"If the description indicated the lot, but was defective in some particulars, doubtless an amendment correcting the mistakes would be allowed. But it is proposed to change the description from one lot to another, and an entirely different lot."

The supreme court, however, reversed the holding of the trial judge, saying:

"The court should have allowed the amendment asked

for by the plaintiffs. The misdescription, no doubt, re-sulted from a mistake in commencing at the northeast corner of the Lane and Traverse tract, instead of the northeast corner of the tract in controversy.

"Even before the passage of the acts of 1871 and 1872, a defect of this kind might have been cured by filing a new description. *Sample* v. *Robb*, 4 Harris (16 Pa.), 305. Since the date of those acts, amendments may be permitted in all cases, and at any stage of the proceedings."

The court, however, held that as the amendment would substitute a tract of land different from that described in the writ, the defendant would have the right to plead the statute of limitations, treating the date of the amendment as the date upon which suit was instituted.

Upon this latter question, the supreme court of Missouri seems to have taken a different view, in *Mann* v. *Schroer*, 50 Mo. 306. In that case the plaintiff it seems erroneously described the property on which a lien was filed. The statute required the lien to be filed within 90 days. After the expiration of 90 days he filed an amended petition correcting the description. The defendant filed answer, and among other things set up that the suit was not commenced within 90 days after the lien was filed. The court say:

"The original petition was filed and the writ of summons was issued within the ninety days, and the amended petition was only a continuance of the original proceeding, and not the commencement of a new action."

In the present case, the question is not in any way affected by the statute of limitations.

Cases may be found in which the court, applying the technical rule, has treated the correction of a description as the introduction of a new cause of action. But where the statute of amendments permits an amendment, either in form or substance, and where the amendment is permitted to correct an error in stating the real subject of controversy between the parties, and where the party is in no way misled, and particularly where no question arises under the statute of limitations, we think it is "sticking

in the bark " to hold that a misdescribed cause of action
is of necessity the real subject of controversy between the
parties.  Such a technical view of the statute of amend-
ments practically eliminates the provision which permits
amendments in matters of substance as well as in matters
of form.

. It is further contended that the circuit judge erred in
refusing to direct a verdict for the defendant.  It will be
necessary to state briefly the relations of the parties.
The original contract between the parties bore date the
27th of February, 1901, and was as follows:

" It is hereby contracted and agreed between Mary
Gensler of Ovid, Clinton Co., Mich., 1st part, and Geo.
Nicholas, of the same place, of the 2nd part, that the
party of the first part rents unto the party of the second
part, the following described premises, to wit:    The
South one-half ($\frac{1}{2}$) of the North one-half ($\frac{1}{2}$) of the East
one-half ($\frac{1}{2}$) of the South East quarter ($\frac{1}{4}$) of Section
twenty-eight (28) township seven (7) North range one (1)
west, in Michigan.·  For the term of three years with
privilege of five years for the sum of twenty-five dollars
($25) annually, to be paid September·1st yearly.   It is
further agreed that any improvements said party of the
second part may make on said premises, may be removed
by him at any time.   The party of the first part to give
possession Sept. 1, 1901, in witness whereof we have this
subscribed our names, this 27th day of Feb. 1901."

The defendant remained in possession until the spring
of 1906 when notice was served, on March 14th, to vacate.
The grounds upon which the defendant asked a directed
verdict were that the lease in question expired in 1904,
and that there was no evidence of an agreement between
the parties with reference to the possession of the land
after that time, and that defendant's subsequent posses-
sion created a tenancy from year to year, or tenancy at
will, and that defendant was entitled to three months'
notice to quit.   Also that there was no evidence showing
authority for service of notice to quit.   These were all
the points specifically made, although it was suggested
that the lease might be construed as a lease for three

years with the privilege of five additional years. That this latter is not a correct construction, see *Delashman* v. *Berry*, 20 Mich. 292. Nor did the defendant become a tenant at will. His election to continue in possession for the remaining two years was an election to continue under the lease. He has now argued for the first time in this court that the lease did not terminate at the end of five years from its date, but at the end of five years from the date when possession was given. We think this objection is not now open to the defendant for two reasons: *First*, the point was not made below; and, *second*, defendant's counsel distinctly stated on the trial that, under the lease, it appeared that the time expired the first day of March, 1904. This upon the claim that the three years had terminated at that day. The present claim is wholly inconsistent with the claim made below.

No error open to the defendant to urge is discovered on this record, and the judgment will be affirmed.

GRANT, C. J., and OSTRANDER, HOOKER, and CARPENTER, JJ., concurred.