### LEONARD v. LEAHY.

**1.** PLEADING — DECLARATION — AMENDMENT — CAUSE OF ACTION — PERSONAL INJURIES.

An amendment to a declaration for personal injuries, describing in greater detail the nature of the injury, and not setting up a new cause of action, was properly permitted by the trial court after offering defendant an opportunity to continue the cause to a later date if he desired and after the offer was refused. 3 Comp. Laws, § 10268.

**2.** TRIAL—CROSS-EXAMINATION.

A liberal latitude is allowable on cross-examination.

**3.** SAME—EARNING CAPACITY.

Under testimony tending to show the extent of injuries and previous earning capacity of the plaintiff, the court properly submitted to the jury the question of loss of earnings.

4. NEW TRIAL—MOTIONS—DILIGENCE—NEWLY DISCOVERED EVIDENCE.

> In order to warrant a new trial for testimony afterwards discovered, the moving party must show sufficient diligence in endeavoring to procure the evidence in time for the first trial, and it must appear that the result would probably be changed on a second trial.

Error to Bay; Collins, J. Submitted January 9, 1912. (Docket No. 19.) Decided March 29, 1912.

Case by Andrew J. Leonard against James F. Leahy for personal injuries. Judgment for plaintiff. Defendant brings error. Affirmed.

*James Donnelly* and *Frank S. Pratt*, for appellant.

*Hall, De Foe & Henry* and *C. A. Higgs*, for appellee.

MOORE, C. J. Andrew J. Leonard brought suit against James F. Leahy to recover for an injury which he says he sustained on the night of September 11, 1907.

It is the claim of the plaintiff that he was injured by his right foot going through a grating covering an area way under the sidewalk. This claim is denied *in toto* by defendant.

It is the claim of the defendant that the grating was in good condition, and that it was not the cause of the accident. It is also the claim of the defendant that subsequent to the 30th day of August, 1906, the property in question was leased to the People's Department Store, and that the People's Department Store under their lease had charge of the building, and they had it under a lease which required them to keep everything in repair, and that, at the time that the People's Department Store took this lease, the grating was in good order, and that if at the time of the accident it was in bad order, that condition arose after the time of this lease, and for that reason, if for no other, he is not liable.

This case was tried before a jury which returned a ver-

dict in favor of plaintiff of $900. A motion was made for a new trial, which motion was overruled. The case is brought here by writ of error.

The first assignment of error is that the court erred in permitting an amendment to the declaration. When the amendment was permitted, counsel was informed that, if because of it they desired an adjournment to prepare for trial, they could have it, but they preferred to proceed with the trial. Counsel say the amendment introduced a new cause of action. Our examination of the original declaration and the amendment satisfies us that the latter simply described more in detail the injury to which reference was made in the original declaration. The judge was authorized to permit the amendment by virtue of section 10268, 3 Comp. Laws. *Schindler* v. *Railway Co.*, 77 Mich. 136 (43 N. W. 911), and *Gensler* v. *Nicholas*, 151 Mich. 529 (115 N. W. 458, 14 Am. & Eng. Ann. Cas. 452). In the last-named case, there is an elaborate discussion of the authorities.

Error is assigned upon the ruling of the court in allowing a hypothetical question to be put to Dr. Tupper, a witness for defendant. The question occurred upon the cross-examination of Dr. Tupper, and was within the latitude allowed upon cross-examination.

Error is assigned upon the refusal of the court to give defendant's twenty-sixth request, reading as follows:

"There is no evidence in this case showing that the grating was out of repair and unsafe and unfit for use and travel at the time the premises were leased by the defendant to the People's Department Store;" and the charge of the court as given upon the subject of defendant's liability.

There is an abundance of evidence tending to show that the grating was in an unsafe condition when leased by the defendant. The charge is supported by the authorities cited in the brief of plaintiff.

Error is assigned upon the following:

"If you find in favor of the plaintiff, then you will award him such a sum as in your judgment will be reason-

able compensation for the loss and injury he has sustained by reason of this accident, and in computing such sum, you may take into consideration the amount he has been required to expend for medical and surgical treatment and care and hospital expense which he has incurred by reason of such injury; the amount of money he would have earned but which was lost to him by reason of his disability; the pain and suffering he has undergone and the inconvenience and hindrance he suffered by reason of the injury to his ankle and instep; and such pain or suffering, annoyance and inconvenience that you may find he will suffer in the future."

It is said this left to the jury as a matter of speculation the earning capacity of plaintiff. We cannot agree with counsel. There was sufficient testimony as to the prior earning capacity of the plaintiff to justify the charge given.

Error is assigned because the court declined to grant a new trial—

"Because of the discovery of material evidence unknown to defendant and his counsel until after the trial of said cause as shown by the affidavit of Dr. A. J. Radjinski, which evidence would be likely to produce a different result and verdict on the new trial of said cause, and which evidence can and will be produced if a new trial is granted."

There are two answers to this suggestion; one is that the requisite degree of diligence was not shown to procure this evidence upon the trial, and the other is that it is not made to appear that, if Dr. Radjinski had been sworn as a witness, the statements which appear in his affidavit, which it would have been competent to tell as a witness, would have changed the result in any degree.

Without discussing the other assignments of error, we content ourselves by saying that, after examining them with care, we do not think they are well taken.

The judgment is affirmed.

STEERE, MCALVAY, BROOKE, BLAIR, STONE, and OSTRANDER, JJ., concurred. BIRD, J., did not sit.