PRIEBISCH v. OTTENWESS.

1. FRAUD—EVIDENCE—ADMISSIONS.
Evidence that defendant admitted charges of false representation in the presence of plaintiff and his attorney, who was sworn as a witness, was competent and admissible; testimony concerning other admissions made in plaintiff's absence, not being privileged, were properly admitted, in an action on the case for fraud, whereby defendant induced plaintiff to withhold from record a chattel mortgage on property that defendant conveyed away.

2. SAME—COMPROMISE AND SETTLEMENT—EVIDENCE.
Admissions made to plaintiff and his attorney during an attempt to collect the money which defendant owed, were not governed by the rule that negotiations for settlement are privileged; no dispute as to the indebtedness existing at the time of the conversations.

3. SAME—NEGOTIABLE INSTRUMENTS.

Nor was it error to admit in evidence a dishonored check for the full amount of the alleged debt drawn by defendant on a drawee who had no funds of defendant in his hands.

4. APPEAL AND ERROR—EXCEPTION—SAVING QUESTIONS FOR REVIEW.

The court, on error, will not consider the refusal of the trial judge to strike out testimony, when the appellant does not discuss the subject in his brief, or refer to any exception to the ruling.

5. AMENDMENT—FRAUD—SALE—DECLARATION.

Where plaintiff charged in his declaration that defendant, after fraudulently inducing plaintiff to withhold from record a chattel mortgage on defendant's property, transferred his property to a partnership of which defendant was a member, and it appeared on the trial that there was a bill of sale by defendant to one H., who conveyed the mortgaged property to·the partnership, the court did not err in amending the declaration so as to show the facts: the amendment did not state a new cause of action.

6. SAME—VARIANCE.

Nor did it so change the scope of the action as to amount to a variance between the declaration and the affidavit for a capias in the cause.

7. APPEAL AND ERROR—DIRECTING VERDICT—EXCEPTION.

An exception is required to review the refusal of the trial court to direct a verdict for defendant.

Error to Kent; Cogger, J., presiding. Submitted January 10, 1913. (Docket No. 57.) Decided July 18, 1913.

Case by Max Priebisch against Bernard Ottenwess for fraud. Judgment for plaintiff. Defendant brings error. Affirmed.

*George Hollway,* for appellant.

*Cornelius Hoffius (Edward B. Strom,* of counsel), for appellee.

McALVAY, J. This case is brought before this court by defendant by writ of error to review a judgment of the circuit court for the county of Kent, entered upon the verdict of a jury in favor of plaintiff.

Plaintiff was a baker by trade, and had been working as such for defendant in his bakery in the city of Grand Rapids. He was a German, and did not understand or speak the English language. He is described by the defendant as a truthful, honest man. He had accumulated $500, which, on November 21, 1908, he loaned to defendant for one year at 5 per cent. interest, taking a promissory note therefor secured by a chattel mortgage upon the entire stock and fixtures of defendant's business, and also three horses, two wagons, and all other equipment used in the business contained in defendant's barn. This was all the property defendant owned at the time. The suit was commenced by *capias ad respondendum*, upon which defendant was arrested and held to bail.

The claim of plaintiff, as charged in the affidavit for capias, and as alleged in the declaration, is that, immediately after his mortgage was given, defendant, intending to cheat and defraud him, represented that his credit would be injured if plaintiff filed and recorded his chattel mortgage, and, falsely and fraudulently intending to cheat and defraud him, induced plaintiff not to file and record said mortgage, upon the promise that he would pay him the full sum borrowed within six months, with interest for one year and would not sell, remove, or incumber any of the property covered by the mortgage; that about three months thereafter plaintiff was informed by defendant that he had received an offer of partnership, and to act as manager in another bakery, upon which the plaintiff told him that he would at once record his chattel mortgage and protect his security; that defendant, having already sold and transferred all of the property covered by the chattel mortgage,

and been paid for the same and entered into a partnership without the knowledge of plaintiff, falsely and fraudulently represented to plaintiff and promised him that if he accepted such offer he would not dispose of his business, but would retain and continue the same, and represented that his security would continue good and safe, and the property would remain under the lien of the mortgage; that plaintiff believed and relied upon such false and fraudulent representations, and was thereby deceived and defrauded, and induced by defendant not to put his chattel mortgage on record—by all of which acts and doings of defendant the security of said mortgage was rendered worthless, and he was defrauded and damaged to the amount of such mortgage. The case was tried upon the general issue pleaded by defendant; no question having been raised as to the sufficiency of the declaration or the regularity of the proceedings.

When defendant sold this chattel mortgaged property he represented to the purchaser that it was free and clear from all incumbrances, and, in stating to him his indebtedness, did not mention this debt to plaintiff. The record shows that he sold this chattel mortgaged property to Clemens Huxoll, receiving $1,500 therefor at the time, and later $300; that a partnership was at once formed between defendant and the son of the purchaser, and at once Huxoll, Sr., transferred the same to the partnership. Soon afterwards this partnership became financially embarrassed, gave a trust mortgage and went into the hands of a receiver. The record also shows, from the testimony of defendant, that at the time he borrowed this money from plaintiff he was deeply in debt, some dealers having already denied him credit, and that if the chattel mortgage had gone on record it would have embarrassed him with his creditors. The errors assigned and relied upon by defendant necessary to

be considered relate to the admissions and competency of certain testimony, to the effect of an amendment to the declaration, which was allowed during the trial, and the refusal of the court to direct a verdict because there was no proof that the false representations, if made, were relied upon by plaintiff.

After this case was at issue, and before the trial, the plaintiff was committed to an insane asylum, where he remains a patient. A guardian was therefore appointed, and the case proceeded. On the trial the defendant was called as a witness by plaintiff for cross-examination under the statute, and all the facts in the case relied upon by plaintiff were admitted by him, except the fraudulent representations claimed to have been made to plaintiff to induce him not to file his mortgage, and that he would not dispose of the mortgaged property. These are the only disputed questions of fact in the case. A short time before the trial there was a substitution of attorneys for the plaintiff. The attorney first employed by plaintiff, and who had several interviews with defendant before suit was instituted, some of which were had in the presence of both parties to this suit, was called as a witness for plaintiff, and was asked to testify as to what was said by defendant at these interviews, and was allowed to testify that he recited to defendant the facts and circumstances charged and relied upon by plaintiff against him, by which defendant fraudulently induced plaintiff to refrain from putting the chattel mortgage on record, and the other charges of fraud made against him by plaintiff, upon which this suit is founded, and the admission of defendant that all such charges of fraud and misrepresentation were true. He was also allowed to testify as to these charges, made in his presence, by plaintiff to defendant, and defendant's admissions to the plaintiff that

they were true, all of which testimony relating to the matters stated was admitted over the objection of defendant that it was hearsay and incompetent, also upon the ground that these were statements made while the parties were attempting to arrive at a settlement.

The testimony of this witness as to the charges of fraud made by the plaintiff against defendant in the presence of this witness and his admissions that they were true was competent and admissible, and in our opinion the testimony of this witness as to the admissions of defendant, plaintiff not being present, when witness told him of the claims and charges of fraudulent conduct which the plaintiff made against him, was also admissible. These were not privileged communications, nor is the witness disqualified from testifying.

The last objection that they were not admissible because made in an attempt to settle a dispute is not meritorious. There was never any dispute as to this indebtedness. Defendant admits in his testimony that he borrowed the money from plaintiff and has not repaid it. It was simply an attempt on the part of plaintiff to collect, and the well-settled rule that, where parties meet for the purpose of settlement, admissions made by either party cannot be introduced in evidence does not apply.

Another assignment of error on the introduction of testimony is that the court erred in allowing in evidence a certain check, given by defendant to plaintiff for the full amount of this indebtedness, which, upon presentation, was dishonored because of no funds. This was brought out upon the cross-examination of defendant. It was a pretended payment of this indebtedness by a check fraudulently drawn by defendant against the firm of Ottenwess & Huxoll, purchasers, by two certain transfers, of the property

defendant had mortgaged to plaintiff. It related to this transaction and was of like character, and was admitted by the defendant to have been drawn against no funds.

The error assigned upon the refusal of the court to strike out the testimony of witnesses Clemens Huxoll and William Callahan is not discussed in appellant's brief, and we do not find in the record, nor are we referred to, any exceptions to such action of the court. It will therefore not be considered.

It appears from the record that on or about February 1, 1909, defendant sold this chattel mortgaged property to Clemens Huxoll, and that the defendant and the son of Huxoll entered into a partnership, and that Huxoll transferred this property to the partnership. The fact that there was a bill of sale by defendant to Huxoll was not known to plaintiff until during the trial. The declaration charged that defendant transferred the property to the partnership. The plaintiff asked leave to amend the declaration to conform to the proofs by substituting the words "by bill of sale to Clemens Huxoll" for the words "to the partnership." It is contended on the part of defendant that this amendment states a new cause of action, and ought not to have been allowed. No new cause of action is stated. Plaintiff in the declaration relied upon the fraudulent representations made by defendant to him after he had stated he would file the chattel mortgage, and induced him not to file it, fraudulently representing, after he had disposed of this property included in the chattel mortgage, that he, the defendant, would not sell or dispose of said property, and that plaintiff's security was sufficient, and that by reason of such false and fraudulent representations defendant was able to transfer the mortgaged property, to plaintiff's great damage. The amendment does not in any respect materially change

the allegations. The transfer by defendant to Huxoll, and then by Huxoll to the partnership, brought about the same situation charged in the declaration; that it was transferred to the partnership. It amounts simply to an amplification and correction of the statement of the cause of action originally intended, and which was the real subject of controversy between the parties. *Gensler* v. *Nicholas,* 151 Mich. 529, at page 532 (115 N. W. 458, 14 Am. & Eng. Ann. Cas. 452). The amendment to the declaration was properly allowed.

It is urged that this amendment created a variance between the declaration and the affidavit for the writ of *capias ad respondendum,* and would operate to release the sureties on the bail bond. We have already determined that the amendment was properly allowed, and did not enlarge the scope of the action, or change its identity. Therefore it would not amount to a variance between the affidavit and the declaration. *Wilkinson* v. *Nichols,* 48 Mich. 354 (12 N. W. 486). See, also, *Musselman Grocer Co.* v. *Casler,* 138 Mich. 24 (100 N. W. 997); *Fish* v. *Barbour,* 43 Mich. 19 (4 N. W. 502).

Error is assigned by defendant on the refusal of the court to direct a verdict in his behalf at the close of plaintiff's case. Defendant took no exception to the denial of such motion. The question, therefore, is not before this court for determination. Other errors were assigned, but are not discussed in appellant's brief.

The disputed questions of fact in the case were submitted to the jury for its determination under the charge of the court, to which defendant has made no objection, except the general one that the court erred in submitting the case to the jury on the ground that there was no evidence to sustain the allegations of fraud charged in the declaration. An examination of all of the evidence shows that there was evidence in

the case which warranted its submission to the jury, and that the verdict of the jury was justified under such evidence.

The judgment of the circuit court is affirmed.

STEERE, C. J., and MOORE, BROOKE, KUHN STONE, OSTRANDER, and BIRD, JJ., concurred.