| 152 | 91 |
| 155 | 1351 |

DETROIT RIVER TRANSIT CO. *v.* UNION TRUST CO.

1. CERTIORARI—ALLOWANCE—DISCRETION.
    The writ of certiorari is a discretionary writ and not a writ of right, it being a well known common-law writ of established character, and always dependent upon allowance.

2. SAME—STATUTORY PROVISIONS—CHARACTER. OF REMEDY.
    There is nothing in Act No. 310, Pub. Acts 1905, indicating an intention on the part of the legislature to modify the writ of certiorari, or the practice regarding it, from that already established, or to make it a writ of right for the purpose of reviewing orders on jurisdictional questions.

3. SAME — ORDER OVERRULING DEMURRER — DISCRETION AS TO GRANT OF WRIT.
    Upon application for a writ of certiorari under Act No. 310,

Pub. Acts 1905, to review an order overruling a demurrer to a declaration upon the ground of misjoinder of causes of action, the court, in the exercise of its discretion, denied the writ.

Certiorari to Wayne; Rohnert, J. Submitted January 31, 1908. (Calendar No. 22,725½.) Decided March 31, 1908.

Assumpsit by the Detroit River Transit Company against the Union Trust Company, administrator of the estate of Joseph H. Berry, deceased, for breach of warranty. There was an order overruling a demurrer to the declaration, and defendant brings certiorari. Dismissed.

*Angell, Boynton, McMillan & Bodman,* for appellant.

*George W. Radford,* for appellee.

HOOKER, J. The plaintiff commenced an action by filing a declaration consisting of the common counts in assumpsit and a special count for breach of warranty in a contract for the sale of chattels. Defendant demurred to the declaration upon the ground that it joins two inconsistent causes of action, and, said demurrer having been overruled, has filed an affidavit in support of an application for a writ of certiorari to review the order overruling the demurrer under Act No. 310, Pub. Acts 1905, asking an order staying proceedings in the circuit court during the pendency of said motion. This was an ex parte application for an allowance of the writ, which has been the usual practice where a writ of certiorari has been desired.

The question involved in the demurrer is whether an action of assumpsit for breach of warranty (see *Tatro* v. *Brower,* 118 Mich. 615; *Murphy* v. *McGraw,* 74 Mich. 318) is necessarily inconsistent with an action upon the common counts, it not appearing in the record that it was

intended that the common counts and special count should relate to the same transaction.

The court asked briefs on the question: "Whether the statute made the writ of certiorari a writ of right in this class of cases?" We have held in many cases that the writ of certiorari is a discretionary writ and not a writ of right, it being a well known common-law writ of established character, and always dependent upon allowance. *Specht* v. *City of Detroit*, 20 Mich. 171; *In re Lantis*, 9 Mich. 325; *Tucker* v. *Parker*, 50 Mich. 6; *Farrell* v. *Taylor*, 12 Mich. 114.

Counsel apparently understood that, to obtain this writ, he must ask an allowance by the court, a superfluous proceeding and one of mere form, if entitled to it as a matter of right. We so held in *People* v. *Chamblin*, 149 Mich. 653, 655.

If it be conceded that the interests of justice require the review of orders on jurisdictional questions in some cases, a certiorari as a writ of right, in all cases, would offer the temptation of frivolous demurrers and motions wherever an advantage could be gained by delay.

The statute provides that certain questions may be reviewed by certiorari. We find nothing indicating an intention on the part of the legislature to modify the writ or the practice regarding it from that already established. In the exercise of our discretion we feel constrained to deny the writ.

GRANT, C. J., and MONTGOMERY, MOORE, CARPENTER, and McALVAY, JJ., concurred. BLAIR and OSTRANDER, JJ., concurred in the result.