DETROIT LUMBER CO. *v.* AUXILIARY YACHT "PETREL."

1. COURTS—JURISDICTION—CIRCUIT COURTS — POWER OF LEGISLATURE.

It is within the power of the legislature to confer jurisdiction upon the circuit court in cases involving any amount.

2. SAME—JUSTICES OF THE PEACE—JURISDICTION—CONSTITUTIONAL LAW.

Under section 18, article 6, of the Constitution, the legislature has the power to withdraw any cause from the jurisdiction of justices of the peace.

3. SAME—OPINIONS—DICTUM—AUTHORITY.

A statement in an opinion of the court which is properly characterized as dictum is entitled to no greater weight than would be given it as an expression of an opinion of the justice writing the opinion.

4. MARITIME LIENS — ENFORCEMENT — JURISDICTION — CIRCUIT COURTS.

Under sections 10789 and 10790, 3 Comp. Laws, providing for the enforcement of liens on water craft, the circuit court has jurisdiction of proceedings brought for that purpose, notwithstanding the amount of the claim is less than $100.

Certiorari to Wayne; Murphy, J. Submitted June 16, 1908. (Docket No. 120.) Decided July 1, 1908.

Proceedings under the water-craft law by the Detroit Lumber Company against the auxiliary yacht "Petrel." There was an order dismissing the proceedings for want of jurisdiction, and claimant brings certiorari. Reversed.

*E. T. Berger*, for claimant.

*Trevor & Bumps*, for defendant.

MONTGOMERY, J. The proceeding was instituted under the water-craft law, so-called, to recover for certain lumber and materials supplied to the owners and used in the building, fitting out and furnishing the yacht "Petrel." The amount of the complainant's claim is $60.93 and interest. When the case came on for hearing before the circuit judge, a motion was made by the defendant to dismiss the proceedings for want of jurisdiction, on the ground that, the amount involved being less than

$100, there was no jurisdiction in the circuit court to try the case. This motion was granted, and the ruling on that motion presents the only question for our consideration.

The defendant contends that the case of *Dewey* v. *Dwyer*, 39 Mich. 509, should control this case. In that case the question presented was whether the mechanics' lien law conferred jurisdiction upon a court of chancery where the amount involved was less than $100. The statute governing the courts of chancery contains the provision that the courts of chancery shall dismiss every suit concerning property except suits between copartners and suits for the foreclosure of mortgages where the matter in dispute does not exceed $100. In view of the existence of this statute, and of the absence of any express conferrence of jurisdiction in cases involving less than $100 in the lien statute itself, the court held that the court of chancery had not jurisdiction to enforce a mechanics' lien for less than $100, the court saying: "Implications in favor of jurisdiction cannot be much indulged."

It is beyond question that the legislature has the power to confer jurisdiction upon the circuit court in cases involving any amount. Section 18, article 6, of the Constitution, provides that in civil cases justices of the peace shall have exclusive jurisdiction to the amount of $100 and concurrent jurisdiction to the amount of $300 (which may be increased to $500) with such exceptions and restrictions as may be provided by law. Any legislation, therefore, which clearly withdraws from the jurisdiction of the justices of the peace any cause is within the constitutional power of the legislature, and the only question presented is whether the water-craft law expresses with sufficient clearness the intention to repose in the circuit court jurisdiction of cases involving a lien against vessels without regard to the amount.

In *Milroy* v. *Mining Co.*, 43 Mich. 237, it was said that the circuit courts are given jurisdiction in claims against boats and vessels irrespective of the amount

claimed. It is properly said in defendant's brief that this was dictum. It is therefore entitled to no greater weight than would be given it as an expression of an opinion of the justice writing the opinion.

The real question is, What was the intent of the legislature, as expressed by the act? Undoubtedly the language of the statute, section 10790, 3 Comp. Laws, is broad enough to confer jurisdiction in the circuit court over the claim of any person claiming to have a lien specified in section 2 of the act (section 10789). In fact it would be necessary to introduce an exception by implication in order to exclude from the jurisdiction of the circuit court claims involving less than $100. But when we take into account the purpose of the act, which was to protect labor and seamen's wages, as well as subcontractors and materialmen, and when the fact—of which we may take judicial notice—is considered, that accrued seamen's wages very rarely aggregate $100, the inference is strong that the purpose was to confer jurisdiction in this class of cases without regard to the amount. It is specially provided by section 10833 that in suits for seamen's wages, no security for costs shall be required except by special order of the court or judge thereof upon motion and notice and for good cause shown, thus showing that one of the first objects of the statute was the protection of seamen. We think that the terms of the act do not render it necessary to give it a construction which shall defeat the purpose of the legislature, but, on the contrary, that all claims under this statute are by section 10790 brought within the jurisdiction of the circuit court, and that there is nothing in any other provision of the act or in any other statute which should, in view of the special purpose of this act, be held to exclude by implication claims of less than $100.

The judgment is reversed, and a new trial ordered.

OSTRANDER, HOOKER, MOORE, and McALVAY, JJ., concurred.