*In re* PHILLIPS.

154    139
f155   ¹351

154   139
s158  157

1. CERTIORARI—PROPRIETY—EXISTENCE OF OTHER REMEDY.
    The writ of certiorari is not usually allowed where there is another and adequate remedy.

2. GUARDIANS — APPOINTMENT — PROCEDURE — FINDINGS — NECESSITY.
    The law makes no provision for a finding of facts and law by the probate court in proceedings for the appointment of guardians, and the court cannot be compelled to make such findings.

3. INSANE PERSONS — DETERMINATION OF INCAPACITY — COURTS—JURISDICTION.
    The probate court, and upon appeal the circuit court, is the proper forum in which to determine the fact of mental incapacity.

4. SAME—FINDINGS—CONCLUSIVENESS ON APPEAL.
    In proceedings for the appointment of a guardian of an alleged insane person, the person charged is entitled to a finding by a

jury as to his mental condition, if he so elect, and the verdict, or the finding in case there is no jury, is conclusive, if there is evidence to sustain it.

5. SAME—APPEAL—REVIEW—EXTENT—SUFFICIENCY OF EVIDENCE.
Before this court can review the question whether there was evidence upon which to base a finding of mental incapacity, on writ of error to the circuit court, it must have before it the entire testimony, from which it must conclusively appear that there was no evidence showing mental incapacity.

6. CERTIORARI—PROPRIETY—INSANE PERSONS—APPOINTMENT OF GUARDIAN.
A writ of certiorari to the probate court to review upon the merits the action of the court in making a finding of mental incapacity and appointing a guardian of an alleged incompetent, was dismissed.

Certiorari to probate court of Houghton; Bentley, J. Submitted June 11, 1908. (Docket No. 82.) Decided September 10, 1908.

Petition by Arthur Phillips for the appointment of a guardian of the person and estate of Gertrude C. Phillips, an insane person. There was an order granting the petition, and respondent brings certiorari. Writ dismissed.

*W. J. Galbraith,* for petitioner.

*Hanchette & Lawton,* for respondent.

GRANT, C. J. This case is before us on the writ of certiorari to review the order of the probate court of the county of Houghton appointing a guardian of the person and property of Gertrude C. Phillips as an insane person. The probate judge made a finding of facts, and found as a conclusion therefrom that a guardian should be appointed over the person and property of Mrs. Phillips. The order made by the probate court adjudging her mentally incompetent to have the care and control of her business and appointing a guardian makes no reference to the judge's finding of facts. No jurisdictional questions are raised. No attack is made upon the regularity of the proceedings. It is sought now by the discretionary writ

of certiorari to review the case in this court upon the merits, and have this court determine whether, upon the finding made by the probate court, the adjudication as to the mental condition and capacity of Mrs. Phillips was correct.

Counsel cite no precedent for this proceeding. The statute provides for an appeal to the circuit court. The testimony taken before the probate court is not before us, but only the conclusion of the probate judge as to facts to be drawn therefrom. The writ of certiorari is not usually allowed where there is another and adequate remedy. *Farrell* v. *Taylor*, 12 Mich. 113; *City of Ishpeming* v. *Maroney*, 49 Mich. 226; *John Hancock Mut. Life-Ins. Co.* v. *Hill's Estate*, 108 Mich. 129; *John Hancock Mut. Life-Ins. Co.* v. *Wayne Probate Judge*, 97 Mich. 613. The law makes no provision for a finding of facts and law by the probate court in proceedings for the appointment of guardians. The court could not have been compelled to make such finding. Why it did so in this case does not appear. It may have been at the request of counsel in order to raise the question of her mental capacity by certiorari rather than by appeal. The probate court (and upon appeal the circuit court) is the proper forum in which to determine the fact of mental incapacity. The person charged with such incapacity is entitled to a finding by a jury as to his mental condition, if he so elect. The verdict of the jury would be conclusive if there was evidence to sustain it. We can no more weigh the evidence in a case when a jury has determined the question than in a case where the court has determined it. We must not be understood as holding that, if there is no testimony showing mental incapacity, that question might not be reviewed in this court by writ of error from the circuit court; but in such case the court must have before it the entire testimony, from which it must conclusively appear that there was no evidence showing incapacity.

The writ is dismissed.

MOORE, CARPENTER, and McALVAY, JJ., concurred.

HOOKER, J.  I concur in the result reached in this case, but think that the practice of issuing a certiorari, especially from this court, should not be encouraged where an appeal will lie to the circuit, as in this case. We have jurisdiction of the case, however, under former decisions. In addition to those cited by Chief Justice GRANT, see *Coot* v. *Willett*, 93 Mich. 305. Were it a new question, I should think the writ improvidently issued.