DETROIT LUMBER CO. *v.* AUXILIARY YACHT "PETREL."

CERTIORARI—APPEAL AND ERROR—FINAL JUDGMENTS—REMEDY.

The writ of certiorari is not favored and will be refused when there is another adequate remedy; and a judgment dismissing a proceeding under the water-craft act (chapter 298, 3 Comp. Laws) for the reason that claimant had failed to prove that at the time of giving notice of his claim the owners were indebted to the contractor, is a final judgment, and the remedy by appeal provided by the statute is adequate.

Proceedings under the water-craft law by the Detroit Lumber Company against the auxiliary yacht "Petrel." There was judgment for defendant, and petitioner brings certiorari. Submitted November 25, 1908. (Calendar No. 23,219½.) Writ dismissed February 2, 1909.

*Emanuel T. Berger,* for petitioner.

BLAIR, C. J. The proceedings in this case were instituted to enforce a demand against a water craft, pursuant to the provisions of chapter 298 of the Complied Laws, sections 10788–10836, inclusive. At the conclusion of claimant's proofs, the circuit judge dismissed the proceedings and awarded judgment in favor of defendant for the reason that claimant had failed to prove that at the time of giving notice of his claim the owners of the craft were indebted to the contractor. Claimant applies to this court for the writ of certiorari to review this judgment.

We are of the opinion that the applicant has misconceived its remedy. The judgment is clearly a final judgment upon the merits, and the remedy by appeal provided by the statute in such case is adequate. Sections 10823–10827, inclusive. From an early day it has been held by this court that the remedy by certiorari should not be favored, and would generally be refused when another

adequate remedy existed. *Farrell* v. *Taylor*, 12 Mich. 113; *City of Ishpeming* v. *Maroney*, 49 Mich. 226; *U. S. Gypsum Co.* v. *Kent Circuit Judge*, 150 Mich. 668; *Detroit River Transit Co.* v. *Trust Co.*, 152 Mich. 91; *In re Phillips*, 154 Mich. 139. On the previous application of the petitioner for the writ of certiorari, it appeared that the circuit judge dismissed the claim, upon the ground that, the amount thereof being less than $100, the court did not have jurisdiction of the case. *Detroit Lumber Co.* v. *Yacht Petrel*, 153 Mich. 528. In that proceeding there was no determination upon the merits, but, on the contrary, the court held there was no jurisdiction to pass upon the merits of the claim. In such a case the writ of certiorari was the most appropriate, if not the only adequate, remedy.

The application is denied.

GRANT, MONTGOMERY, and OSTRANDER, JJ., concurred.

HOOKER, J. I concur in the result reached by the Chief Justice, but I do not concur in the view that certiorari would lie at an earlier stage in the proceedings. It is true that after a dismissal of this case, upon the ground that the amount involved was not sufficient to confer jurisdiction, the question was reviewed upon certiorari and the "judgment" reversed, and a "new trial ordered." No objection was taken to the regularity of the proceeding, and the question was not discussed.

The practice cannot therefore be considered established by that case. We have said in the case of *People's Ice Co.* v. *Steamer Excelsior*, 43 Mich. 336, a case which arose under this law, that—

"The proceedings are special and different in some respects from either legal or equitable cases. Where there is no common-law form of review, or where if there is one it is not resorted to, the conditions and form of appeal depend entirely upon statute, and cannot be changed or aided by any judicial action."

The trial in this court is de novo, upon an appeal and after a method prescribed in the statute, 3 Comp. Laws, § 10823. As we have said in the case cited, this is "a special proceeding differing both from an action at law and a suit in chancery." That being so, the only right to an appeal is to be found in the statute itself, as we said in *Waterman* v. *Bailey*, 111 Mich. 571, i. e., "Appeals are statutory, and, in the absence of statutes, no right to appeal exists." This statute provides one, but it does not provide for a certiorari at interlocutory stages or after final judgment upon dismissal. We have often held that the judgment upon nonsuit or dismissal of a cause is a final one from which error or appeal will lie, and there can be no question that appeal was open to the complainant in the former case. If it be said that the decision below did not involve the merits and therefore the case was not in a situation for this court to make a final decree, it does not follow that appeal was not the remedy. In such case this court might or might not be able to make a final decree. If it should take the view of the circuit judge, affirming his action, the decree would certainly be final. If not, it would remand the case for further proceedings in accordance with the common practice in equity.

If we could consider this either an equity suit or an action at law, certiorari would not lie, except if an action at law it might be resorted to under Act No. 310, Pub. Acts 1905. It may be said that this is an act in derogation of the common law, and one—like its prototype in chancery causes—which fosters dilatory proceeding,—a thing that is deprecated by our Constitution and laws,—without any considerable meritorious compensation. It should be strictly construed, and not applied to cases not "actions at law" to which by its express terms it is limited. This is not an action at law, "but a special proceeding differing from an action at law." *People's Ice Co.* v. *Steamer Excelsior*, supra. A decision of this question is not necessary in the disposition of this cause,

and is mentioned here for the reason that I am not prepared at this time to assent to the views expressed in distinguishing the present from the former case, and the further reason that the former opinion may be erroneously thought by some to have adjudicated the question.

Writ denied.