DETROIT LUMBER CO. *v.* AUXILIARY YACHT "PETREL."

APPEAL AND ERROR — FAILURE TO SERVE PRINTED RECORD OR BRIEF—EFFECT.

Supreme Court Rule 38, authorizing the dismissal of an appeal for failure to print and serve the record and briefs, is not applicable to appeals under the water-craft law (section 10823 –10826, 3 Comp. Laws), since, under sections 10825, 10826, either party to such appeal may, after the appeal, take additional testimony, and the hearing in this court is de novo upon the record returned from the lower court and the additional testimony.

Proceedings under the water-craft law by the Detroit

Lumber Company against auxiliary yacht Petrel. There was judgment for defendant, and complainant appeals: On motion to dismiss the appeal. Submitted April 6, 1909. (Calendar No. 23,321.) Motion denied May 25, 1909.

*Trevor & Bumps*, for the motion.

*E. T. Berger*, contra.

OSTRANDER, J. In the circuit court, in proceedings under the act for collection of demands against water craft, judgment for defendant was entered December 29, 1908. Complainant's appeal was taken in accordance with 3 Comp. Laws, §§ 10823, 10824. The return to this court was made February 12, 1909, and on February 15, 1909, counsel for appellant noticed the cause for argument. This is a motion to dismiss the appeal, upon the ground that the appellant has not printed and served the record or any brief.

This court has not made rules regulating proceedings under this statute, as by section 10830 it is empowered to do. The provisions of Supreme Court Rule 38 cannot be applied, because either party to such appeal may, after the appeal, take additional testimony, and the hearing in this court is de novo " upon such transcript and depositions " (as shall be returned from the court below), " and further testimony taken," etc. Sections 10825, 10826, 3 Comp. Laws.

Appellant, therefore, is not in default, and the motion to dismiss is denied, with costs.

HOOKER, MOORE, MCALVAY, and BROOKE, JJ., concurred.