DETROIT LUMBER CO. *v.* AUXILIARY YACHT "PETREL."

1. APPEAL AND ERROR—WATERCRAFT PROCEEDINGS—ADDITIONAL TESTIMONY ON APPEAL—WAIVER OF OBJECTIONS.

In proceedings to enforce a demand against a watercraft, failure of the appellant to give notice of its intention to take additional testimony within 10 days after the filing of the return in the Supreme Court, is waived by the participation

of the appellee in taking the testimony, notwithstanding
appellant's neglect to comply, by giving the notice, with
Supreme Court Rule 57.[1]

2. SAME—PRINTING RECORD—MOTION TO DISMISS.

After additional testimony was taken on appeal, the attorney
for appellant caused the depositions to be delivered to him-
self, and without objection of the appellee proceeded to set-
tle a bill of exceptions for the purpose of decreasing the cost
of printing, but on failing to agree upon any reduction in
the size of the record, submitted the same to the printer, and
proceeded with diligence to bring on the cause for hearing.
*Held* that in consideration of the appellant's diligence, the
unsettled nature of the practice, and the participation of ap-
pellee's attorney in the proposed settlement of a bill of ex-
ceptions, the motion to dismiss should be denied.

3. SAME—PRACTICE—DEPOSITIONS.

After taking depositions for use in the Supreme Court, it was
the duty of the commissioner to transmit them to the court,
not to deliver them to the attorney for appellant.

Proceedings by the Detroit Lumber Company to collect
a demand against the auxiliary yacht " Petrel." From a
judgment for defendant, complainant appeals: On mo-
tion to dismiss. Submitted September 28, 1910. ( Calen-
dar No. 23,321.) Motion denied November 11, 1910.

*Trevor & Bumps*, for the motion.

*E. T. Berger, contra.*

BLAIR, J. This matter has been before this court on three
previous occasions. See 153 Mich. 528 (117 N. W. 80); 155
Mich. 350 (119 N. W. 1072, 120 N. W. 749); 156 Mich. 565
(121 N. W. 274). On May 25, 1909, at the time of deny-
ing the motion before the court in 156 Mich. 565 (121 N.
W. 274), this court adopted Rule 57. See 155 Mich. xxxi
(120 N. W. v). On June 8, 1909, and again on August
10, 1909, complainant served upon defendant notice of
taking depositions. On the 16th day of August deposi-
tions of witnesses on behalf of complainant were taken

---

[1] Adopted May 25, 1909; 155 Mich. xxxi.

before a circuit court commissioner, and on September 2d depositions of witnesses in behalf of defendant were taken before said commissioner. These depositions have never been returned to this court. Complainant's sworn answer of August 11, 1910, to the motion to dismiss the appeal filed August 10, 1910, shows as follows:

"That complainant duly directed the court stenographer to have said depositions transcribed and reduced to writing, which was done, but complainant did not actually receive such transcribed copies until October 12, 1909. The bill of exceptions was then prepared, and a copy of same served on the attorney for the defendant November 2, 1909, and it was not until some time in November or December that a long list of amendments to said bill of exceptions was received by the complainant. Subsequent to receiving such amendments, complainant's attorney sought defendant's attorney on at least two occasions to reduce the size of the record by elimination of some of the testimony, which complainant considered immaterial, and it was only a matter of a few months since it was learned that said negotiations would be futile. Complainant has now submitted the entire record to the printer in an effort to bring the matter on before the Supreme Court at the September term thereof."

Counsel for defendant argues that the appeal should be dismissed for the reasons:

(1) Because the complainant did not comply with Rule 57 in giving notice of its desire to take additional testimony within 10 days after the filing of the return, etc. Inasmuch as defendant participated in the taking of the depositions and also took depositions, such objection is not tenable, having been waived.

(2) The record has not been printed and served within the time prescribed by said Rule 57.

We agree with the contention of defendant that section 10139, 3 Comp. Laws, applies to such proceedings. Section 10834, 3 Comp. Laws, provides that:

"The proceedings and practice under this act shall be the same as in personal actions at law except as herein otherwise provided, so far as the same may be applicable

and the depositions of witnesses may be taken, for the same causes, in the same manner, and with the like effect as in personal actions," etc.

Section 10826, 3 Comp. Laws, provides:

"The causes shall be considered as in the Supreme Court from the perfecting of the appeal; and at any time within sixty days thereafter, unless the time shall be extended by order of any justice of the court, either party may take testimony, by deposition or commission, in the mode now provided by law in any case, without regard to the place of residence of the witness."

It was not the intention of this court to abrogate these provisions of the statute, but merely to establish the practice where the statutes were silent. Under section 10139, 3 Comp. Laws, it was the duty of the commissioner taking the depositions to transmit them, when completed, to this court.

Complainant's attorney appears to have procured the delivery of the depositions to himself and, from the time of such delivery, at least, was responsible for their not being filed with this court.

The attorney for defendant, however, appears to have made no objection to this course, but to have encouraged it by participating in the proceedings for settling a bill of exceptions, for which reason, in view of the statements in the sworn answer as to present diligence and the fact that the practice has not been heretofore settled, we have concluded to dismiss the motion, but with the usual costs to defendant.

BIRD, C. J., and OSTRANDER, HOOKER, and STONE, JJ., concurred.