HARTZ v. BROWN.

CERTIORARI—APPEAL AND ERROR—HIGHWAYS AND STREETS—COMMISSIONER OF HIGHWAYS—LAYING OUT PUBLIC HIGHWAY—REVIEW OF SPECIAL PROCEEDING—STATUTES.

> Act No. 283, Pub. Acts 1909, providing an adequate remedy by appeal to review the action of a commissioner of highways in laying out a road and determining the damages sustained, and of the township board in reviewing such action, certiorari will not issue from the circuit court to review such proceedings.

Certiorari to Wayne; Murfin, J.    Submitted April 13, 1911.    ( Docket No. 112. )    Decided May 8, 1911.

Certiorari by John C. Hartz against Berton D. Brown, commissioner of highways of Plymouth township, and Cyrus A. Pinckney, clerk of the same, to review eminent domain proceedings in laying out a highway.    An order

of the circuit court dismissing the writ is reviewed by plaintiff on writ of certiorari.    Affirmed.

*Keena, Lightner & Oxtoby,* for relator.

*C. C. Yerkes,* for respondents.

BLAIR, J.   On July 23, 1909, certain freeholders of the township of Plymouth, in Wayne county, presented to said commissioner of highways a petition for the laying out of a road.   On July 26th the commissioner served notice of meeting to consider the application on August 10th. On the said 10th of August the commissioner laid out and established the road, and determined the necessity therefor and the damages.   Plaintiff was present at this meeting, by his attorney, and filed a protest against taking his land.   On August 14th the commissioner filed a full record and return of his proceedings with the township clerk. On August 17th plaintiff perfected an appeal to the township board, which board, on the 14th day of September, sustained the action of the commissioner.   On September 14th, and prior to the determination of the appeal by the township board, the said commissioner and clerk were served with a writ of certiorari, issued out of the circuit court for Wayne county on the same day, commanding them to certify the proceedings and papers relative to laying out said highway to said court.   On the 18th day of September plaintiff appealed to the circuit court.   On October 9th the writ of certiorari was quashed as improvidently issued.   Later a writ of certiorari was allowed by this court, and the proceedings are now before us on the return to that writ.

At the time the writ of certiorari was issued to the commissioner and clerk, Act No. 283, Pub. Acts 1909, was in force.   That act contains no provision for reviewing by writ of certiorari either the action of the commissioner or of the township board, but provides only for an appeal. Section 8 of chapter 1 of the act provides:

" * * * And the said circuit court shall also have full power and jurisdiction over said proceedings to hear and determine the same and render judgment therein, as if the said proceedings had been originally commenced before the said circuit court."

It is apparent, therefore, that plaintiff had—and, indeed, is now pursuing—a complete and adequate remedy by appeal to the circuit court. Under such circumstances, the remedy by certiorari is not permissible. *People* v. *Farwell*, 4 Mich. 556; *Detroit Lumber Co.* v. *Yacht Petrel*, 155 Mich. 350 (119 N. W. 1072, 120 N. W. 749).

The order of the circuit judge is affirmed, with costs to defendants.

OSTRANDER, C. J., and HOOKER, BIRD, and STONE, JJ., concurred.