## TOWNSHIP OF CUSTER *v.* DAWSON.

1. EMINENT DOMAIN—DAMAGES—EASEMENTS—HIGHWAYS.

The compensation to be awarded to the owner of real property taken for a public highway, is not the full value of the fee, since the title remains in the owner, but under the Constitution, art. 13, § 1, he is entitled to receive the value of the easement, or the full value of the interest taken.

2. SAME—DAMAGES—COMPENSATION—BENEFITS.

In determining the damages to which such owner is entitled, the jury should consider the benefits which accrue to the property by reason of the improvement, as provided by Act No. 283, Pub. Acts 1909 (2 How. Stat. [2d Ed.] § 2196).

3. SAME—CERTIORARI—APPEAL AND ERROR.

It is only if no other remedy exists that courts review special proceedings by certiorari; and in eminent domain proceedings to lay out a highway, appealed to the circuit court, an aggrieved party may review the judgment by writ of error, since the legislature indicated a purpose by said act to permit appellate review in the Supreme Court. BROOKE, J., dissenting.

4. SAME.

Where the petitioners in eminent domain brought the proceedings into this court by writ of certiorari, and no rule had been made governing the practice in such cases, and no injury could result from such course, the writ of certiorari may be treated as a writ of error and the cause sent back for a new trial for errors committed by the circuit court. BROOKE, J., dissenting.

Certiorari to Sanilac; Beach, J. Submitted October 8, 1913. (Docket No. 10.) Decided January 5, 1914.

Eminent domain proceedings by the township of Custer against William Dawson and others. A judg-

ment in circuit court on appeal from the highway commissioner and township board is reviewed by petitioner on writ of certiorari. Reversed, and new trial granted.

*C. F. Gates,* for appellant.

*W. H. Burgess,* for appellees.

Brooke, J. Plaintiff township is undertaking to condemn lands belonging to defendants for the purposes of a public highway under the provisions of Act No. 283, Public Acts of 1909 (2 How. Stat. [2d Ed.] § 2173 *et seq.*). Defendants, being dissatisfied with the determination of the highway commissioner, appealed to the township board and thence to the circuit court for Sanilac county. Plaintiff township now seeks to review the determination there reached, upon certiorari.

The first question requiring consideration is the propriety of the remedy. We determined in the case of *Hartz* v. *Wayne Circuit Judge,* 164 Mich. 231 (129 N. W. 25), that certiorari was the proper remedy under the law as it stood when that decision was rendered. Act No. 195, Public Acts of 1905. It is the contention of defendants that since the enactment of the act of 1909, which in section 8 (2 How. Stat. [2d Ed.] § 2181) provides for an appeal to the Supreme Court, the remedy is changed so that a review may be had now by writ of error only. We cannot agree with this contention. The right to "appeal," conferred or affirmed by the statute, means no more than that the party aggrieved may, by appropriate writ, review the proceedings in this court. The act of 1909 does not in any manner change the inherent character of the proceeding. It is still "purely statutory and not after the course of the common law." The writ was providently issued. We will therefore proceed to a consideration of the questions raised.

The petition for the writ, which was adopted by the learned circuit judge as his return, recites that:

"Upon the trial of said issue the learned circuit judge refused to permit any testimony either as to the benefits that would accrue to the owners of the several parcels of land, or as to the actual damages that would be sustained by the several owners of the land along said route, or as to the value of the easement acquired by the public, or as to the damages that would be sustained by the property owners, or the difference in value between the easement that would be secured by the public and the title in fee simple to the entire strip of land four rods in width over which the easement would extend, but restricted the proofs offered therein by the township to the actual value in full of the entire fee simple of the lands."

The court directed a verdict in favor of the defendants for the several sums, shown by the testimony admitted, to the entire value of the land taken, undiminished by any possible "benefit" to the owners thereof.

This ruling of the learned circuit judge, to which exception was properly taken by plaintiff in certiorari, raises two questions: *First,* as to the proper measure of damages; and, *second,* whether those damages may be diminished by possible benefits to the owners of the lands taken.

Touching the first question, the Constitution (article 13, § 1) provides:

"Private property shall not be taken by the public nor by any corporation for public use, without the necessity therefor being first determined and just compensation therefor being first made or secured in such manner as shall be prescribed by law."

What is "just compensation" within the meaning of the Constitution? Does it mean in the case here considered, as held by the court below, the full value of the fee? Counsel for defendants contends that the

words mean "payment for private property taken for public use at its full value—full compensation (citing *Spring Valley Waterworks* v. *City of San Francisco* [C. C.], 124 Fed. 574). We quite agree with this contention. The compensation must be just—full value —for the property taken. What, then, is the property taken in the case at bar? Clearly it is not the fee. That remains in the owner. There are many incidents of such ownership. For instance, if the public discontinues use of the property taken as a highway, it at once reverts to the owner of the adjoining lands from which it was taken. If valuable minerals underlie the highway, they belong, not to the public, but to the owner of the adjoining lands. Should a steam railroad company desire to lay a track upon the highway, the adjacent owner would be entitled to compensation for the new servitude thereby imposed. Other and lesser incidents of such ownership may be found in the right of the owner to the timber growing upon the lands taken, the right to plant trees, etc. It may be said, indeed it is urged by defendants' counsel, that the easement taken is perpetual in character and practically equivalent to the full value of the fee. It is in effect argued that the ownership of the fee, charged with the easement in perpetuity, carries with it nothing of real value. In many instances this may be true, but there are conceivable cases where the value of the fee retained would be many times greater than the value of the easement taken. But, whether the ownership of the fee carries with it rights of great or little value, those rights are substantive, and their value (if any) should be determined by the jury under proper instructions and deducted from the full value of the fee in order that the public may be compelled to pay no more than "just compensation" for the property taken.

*Second.* Section 23, chap. 7, of the act in question, provides:

"If any discontinued highway shall be upon lands through which a new highway shall be laid out, the same may be taken into consideration in estimating the damages sustained by the owner of such lands; and in like manner the benefits accruing to owners of lands by reason of laying out or altering any highway shall be taken into consideration."

The court below held that, where the owner of the lands to be taken made no claim for damages to the land retained as distinguished from the value of the land taken, "the question of benefits does not arise and cannot arise." And further:

"The court holds that the damages in this case are confined to the value of the land and any compensation for any inconvenience the landowner is put to in rearranging fences and possibly bridges.

"*Mr. Gates* (counsel for township): And eliminates any advantages he can have by the laying out of the highway?

"*The Court:* Too remote. Too intangible to be a reduction of damages."

We think the court was in error as to both propositions. What the statute, under the Constitution, aims to do is to give to the owner fair value for what is taken. In other words, to place him in such a position that the value of what he retains, plus the damages awarded, shall equal the value of his property before the highway was laid out.

If the new road adds nothing to the value of his lands by reason of the fact that he has other adequate approaches thereto or for any other reason, then he is not benefited and nothing should be deducted. But if, on the other hand, his remaining lands are increased in value by reason of the improvement, why should he not, in right and justice and within the statutory limitation, be charged with such increase? We can perceive no reason. The language of the statute is unequivocal and is founded on principles of sound public policy and equity. Similar pro-

visions with reference to drains (section 4328 *et seq.*, 2 Comp. Laws; 2 How. Stat. [2d Ed.] § 3385), have long been a part of our law and have received constant and unquestioned application. The difficulty and lack of precision in ascertaining the value of such benefits affords no reason for refusing to permit the jury to consider them. Their ascertainment must rest more or less upon the opinions of witnesses, and in this respect the situation is one constantly confronting us in the assessment of damages.

The exact question here involved seems never to have been presented to this court. Many cases are cited by defendants' counsel in which the question of the value of the lands to be taken is considered, but in none of them is the question of benefits involved. Other jurisdictions, however, have had occasion to review the question, and the following cases will be found to express conclusions in accord with this opinion: *Young* v. *Harrison*, 17 Ga. 30; *Trinity College* v. *City of Hartford*, 32 Conn. 452; *Commissioners of Pottawatomie County* v. *O'Sullivan*, 17 Kan. 58; *Hire* v. *Kniseley*, 130 Ind. 295 (29 N. E. 1132).

The record shows that defendants did not question the necessity for the improvement which it is conceded is more than one-half mile distant from any parallel highway.

The proceedings in the circuit court should be quashed.

OSTRANDER, J. *(concurring)*. If no other remedy is provided in special proceedings, the remedy to correct errors of law has been by certiorari. See the cases collected in the opinion in *Hartz* v. *Wayne Circuit Judge*, 164 Mich. 231 (129 N. W. 25). But the courts exercise caution in granting and are indisposed to grant the writ in cases where another remedy exists. *Farrell* v. *Taylor*, 12 Mich. 113; *Tucker* v. *Drain Commissioner*, 50 Mich. 5 (14 N. W. 676);

*Galloway* v. *Corbitt,* 52 Mich. 460 (18 N. W. 218) ;
*Hartz* v. *Brown,* 165 Mich. 660 (131 N. W. 75) ;
*Loomis* v. *Hartz,* 165 Mich. 662 (131 N. W. 85).

The proceeding now in hand is a special proceeding. In 1909, by Act No. 283 (2 How. Stat. [2d Ed.] § 2173), the legislature added to the statute governing such proceedings the words, "subject to the right of appeal to the Supreme Court according to law." How ought this provision of the statute to be construed? Mr. Justice BROOKE determines that it added nothing to the law; that it is declaratory merely of the right of a party to sue out a writ of certiorari. I do not agree with him, believing, as I do, that the statute provision should be given some effect. Reasons urged in some of the cases above cited why the remedy by certiorari is inadequate may have influenced, and undoubtedly did influence, the legislature to provide some other remedy. The law provides for an appeal from the determination of the township board to the circuit court in which—

"The same proceedings shall be had thereupon, as near as may be, and with a like effect as in cases of appeal from judgments rendered before justices of the peace. * * * And either party to said proceedings on said appeal shall be entitled to have the issue in such proceedings tried by a jury, as in ordinary suits in said court."

There is no practice which permits the reversal of a judgment and a new trial in certiorari proceedings. And yet it is evident, in the matter at bar, that relief ought to go no further than to remedy the action of the circuit court which is found to be erroneous. Just such relief can be granted, and the proceedings anterior to the committing of error can be saved, if the errors of the circuit court are reviewed in this court by writ of error.

In *Re Mower's Appeal,* 48 Mich. 441, 447 (12 N. W. 646), which was an appeal from the allowance of an

administrator's account, it was urged that errors, if any, of the circuit court could not be reviewed and corrected in this court on writ of error. In overruling the contention, this court said:

"We also think this case is properly brought to this court by writ of error. The statute provides that:

"'In all cases not otherwise provided for any person aggrieved by any order, sentence, decree, or denial of a judge of probate, may appeal therefrom to the circuit court.'

"The jurisdiction of the probate court is such that very different proceedings requiring wholly different treatment in the circuit court may be brought up by appeal, and they must be proceeded with in that court according to their nature and proper analogies. Where the proceeding in the probate court involves common-law questions and stands in the place of a suit at law, it naturally assumes the form of a common-law suit in the circuit court, and it is very proper and not unusual to provide for the making up of a common-law issue. The trial of such an issue will not be different from any common-law trial, and exceptions may be settled and writ of error had as in other cases. But appeals from interlocutory orders cannot take that form: *Churchill* v. *Burt,* 32 Mich. 490; nor proceedings for the removal of an administrator: *Conrad* v. *Button,* 28 Mich. 365; or for the appointment of a guardian: *Cameron* v. *Bentley,* 28 Mich. 520. But in several cases appeals from the final accounting of an administrator have been proceeded in as common-law cases without difficulty or confusion. *Hall* v. *Grovier,* 25 Mich. 428; *Brown* v. *Forsche,* 43 Mich. 492 [5 N. W. 1011].

"But it does not follow that the case is to be tried in the circuit court exactly as an ordinary suit at law would be, and all questions disposed of in the same way. So far as the case is peculiar, it must have peculiar treatment, and if the questions are such as it is improper to submit to a jury, the right of trial by jury cannot be demanded in respect to them; and to that extent the ordinary course and practice of the court must be conformed to the case. Now in the case of administration accounts there are questions of this character, and the question which is most

earnestly contested on this record is one of them.  The statute provides for certain definite allowances to executors and administrators for their services as such; but it also provides that 'in all cases such further allowances may be made as the judge of probate shall deem just and reasonable for any extraordinary services not required of an executor or administrator in the common course of his duty.'  Comp. L. § 4491.  It is not contested that a settlement including such an allowance may be appealed to the circuit court; but it was never contemplated that when the case reached that court the judgment of a jury might be substituted for the discretion of the judge in respect to such allowances.  The case of a guardian's accounting is strictly analogous, and we have heretofore had occasion to explain that, when the case is brought into the circuit court, it is to be dealt with as an equitable proceeding rather than a legal.  *Gott* v. *Culp*, 45 Mich. 265 [7 N. W. 767].  But as no provision is made for appealing as in chancery cases from the circuit to this court, the undoubted appellate authority of this court over these as well as all others, requires for its exercise the employment of the writ of error; and there is no difficulty in reaching by means of it all questions that are reviewable."

In other words, the court, while refusing to exercise anything but judicial power, in such cases, fixed upon the writ most adaptable to such exercise of power in reviewing the action of the circuit court.  In proceedings by railroad companies to condemn land, the statute gives a right of appeal to this court from orders confirming awards.  In such cases this court has confined itself to the review of alleged errors of law.  In other cases, where proceedings are had before boards or public officers, as in cases disposed of by the Michigan railroad commission, the right of review in this court is given in the statute, with more or less of attempt to state what this court may do in cases which are appealed.  So, in the present case, while the legislature has not pointed out the method of review nor the order or ruling which this court

may make, it has saved the right to a review. It is not contemplated that this court will exercise other than judicial powers. It is contemplated that it shall use such powers, and I construe the law as affording a review by the means most effective in discovering and correcting such errors as the circuit court, exercising the jurisdiction which it exercises, has committed. Clearly the effective method to be employed is the writ of error. A reversal of the conclusion reached in the circuit court, which under the statute can involve only the question of the necessity for laying out the highway and the value of the property taken, for errors of law committed in that court, will affect the trial only and a new trial may then be had. The practice at the trial and thereafter may conform to the remedy to be sought. There will be no confusion and all rights will be duly protected.

No rule having been made governing the practice in such cases, and no injury resulting from such a course, we should treat the writ of certiorari in this case as if it were a writ of error and enter judgment accordingly. This decision should and will have all of the force and effect of a rule of court governing the practice in similar cases.

I agree with Mr. Justice BROOKE with respect to other conclusions he reaches and am of opinion that the judgment of the court should be that the judgment of the circuit court be reversed, and a new trial granted.

MCALVAY, C. J., and KUHN, STONE, BIRD, MOORE, and STEERE, JJ., concurred with OSTRANDER, J.